THERIOT, J.
| ¡.The appellant, International Fidelity Insurance Company (International), seeks reversal of a judgment denying its motion to set aside a bond forfeiture or to grant its petition for nullity. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On February 1, 2010, Earl Wellington Johnson (Johnson) was charged with aggravated flight from an officer, disregarding a stop sign, and driving without a license. Johnson’s bond amount was fixed at $25,000.00. Johnson’s bond was posted by appellant, International. The bond agreement provided that Johnson promised to appear before the court through pronouncement of sentence.[1]
*17 On March 12, 2010, Johnson appeared in district court and tendered a plea of “NOT GUILTY.” On June 28, 2010, Johnson appeared in district court and upon being arraigned on an amended bill of information, tendered a plea of “NOT GUILTY.”[2] The district court ordered a pretrial set for July 15, 2010, a plea date set for August 5, 2010 and a trial set for August 16, 2010. On August 16, 2010, Johnson was called for trial and failed to answer to his name. The Assistant District Attorney for the 32nd Judicial District Court (State) moved for and the district court granted a bench warrant and a judgment of bond forfeiture.[3]
|sOn October 18, 2010, Johnson appeared in court with his attorney. Pursuant to the State’s motion, the district court ordered the previously-issued bench warrant and the judgment of bond forfeiture recalled and cancelled. Upon re-arraignment, Johnson tendered a plea of “GUILTY” to the charge of aggravated flight from an officer. However, the district court did not accept Johnson’s guilty plea on October 18, 2010. The district court scheduled a hearing for October 22, 2010, and stated that it would make a determination as to whether or not to accept Johnson’s guilty plea on that date and, if necessary, impose sentence. The district court instructed Johnson that if he was arrested for another offense before his October 22, 2010 court date, or if he failed to appear on October 22, 2010, the district court would reject the guilty plea and require Johnson to go to trial.
On October 22, 2010, Johnson failed to appear in court. The district court ordered a bench warrant and judgment of bond forfeiture. The Terrebonne Parish Clerk of Court’s office mailed the notice of bond forfeiture on November 8, 2010. On February 7, 2011, International, through its agent, Richmond Boyd, Jr., filed a Motion to Set Aside the Forfeiture or Grant Nullity. The motion was argued and the district court denied the motion. It is this denial that International appeals.
ASSIGNMENT OF ERROR
International avers that the district court erred by not setting aside and annulling the judgment of bond forfeiture.
DISCUSSION
The general rule is that bond forfeitures are not favored State v. Bailey, 567 So.2d 721, 724 (La.App. 2 Cir.1990). A bond forfeiture is basically a civil proceeding; however, it is subject to the special rules as set forth in the Code of Criminal Procedure. State v. Likens, 577 So.2d 285, 289 (La.App. 3 Cir.1991), writ denied, 580 So.2d 386 (La.1991). In order to obtain a judgment of bond forfeiture against a surety, the State must strictly comply with the terms of the statutory provisions regulating bond forfeitures. Bankers Insurance Company v. State, 37-080, p. 4 (La. *18 App. 2 Cir. 4/11/08), 848 So.2d 641, 644, writ denied, 2003-1240 (La.6/27/03), 847 So.2d 1268.
International argues that it was relieved of its obligations under the bond pursuant to La.C.Cr.P. art.. 326(B) once Johnson entered a guilty plea to a felony on October 18, 2010, and therefore there was no bond obligation in place when Johnson failed to appear on October 22, 2010. Louisiana Code of Criminal Procedure Article 326(B) provides:
(1) Upon conviction and imposition of sentence or the pronouncement of sentence or condition of probation pursuant to Article 894 in misdemeanor cases, the bail undertaking shall cease and the surety shall be relieved of all obligations under the bond.
(2) Upon conviction in any felony case, the bail undertaking shall cease and the surety shall be relieved of all obligations under the bond.
(3) In all cases, if necessary to assure the presence of the defendant at all future stages of the proceedings, the court may in its discretion, in accordance with Article 332 require the defendant to post another bond or other acceptable security, or may release the defendant on bail without surety as provided for in Article 325. The court may continue the existing bail undertaking with the written approval of the surety on the bond. Such approval must be obtained from the surety after conviction.
The crime with which Johnson was charged, Aggravated Flight From an Officer, is a felony. See La. R.S. 14:108.1.(E); La. R.S.14:2 (A)(4). Thus, under Article 326(B)(2), the surety would be relieved of its obligations under the bond when Johnson was convicted. However, Johnson was neither convicted nor sentenced on October 18, 2010, making Article 326(B) | ¡¡inapplicable to the facts of this case. International’s argument in this regard lacks merit.
International further argues in its brief that Johnson’s appearance in court on October 18, 2010 constituted a surrender under La.C.Cr.P. art. 345 which relieved the surety of all obligations under the bond. Exoneration of the surety is in order when the defendant has been surrendered in conformity with La.C.Cr.P. art 345. We find Johnson did not surrender in conformity with article 345. Article 345(A) provides:
A surety may surrender the defendant or the defendant may surrender himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. For the purpose of surrendering the defendant, the surety may arrest him. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. The officer shall retain and forward a copy of the certificate to the court. After compliance with the provisions of Paragraph F of this Article, the surety shall be fully and finally discharged and relieved, as provided for in Paragraphs C and D of this Article, of all obligations under the bond.
Johnson and his attorney appeared in court on October 18, 2010 pursuant to an August 16, 2010 court order granting a continuance of the August 16, 2010 trial date. Furthermore, Johnson was not detained in custody after his appearance in court. The occasion of Johnson’s appearance in open court on October 18, 2010 allowed the district court to properly rescind the August 16, 2010 judgment of *19 bond forfeiture. The ruling rescinding the judgment of bond forfeiture reinstated the bond on all parties to their positions prior to the forfeiture. International took no action to exonerate itself from its liability on the bond, therefore, International remained liable on the bond. The bond clearly states Johnson promises to appear before the court through pronouncement of sentence. When Johnson subsequently failed to appear, |fithe trial court properly forfeited the bond. International has not provided any reason why the judgment of forfeiture dated October 22, 2010 should be annulled or set aside. This assignment of error lacks merit.
Finally, International argued at the July 27, 2011 hearing on its motion to set aside the bond forfeiture or to grant a nullity that Johnson was incarcerated in Lafourche Parish, and therefore its obligations under the bond were satisfied. Under La.C.Cr.P. art. 345(D)[4], the surrender of a defendant may be accomplished during the time period allowed therefor by the filing of a motion for surrender and presenting adequate proof of the defendant’s incarceration. International offered a letter of verification of incarceration dated July 25, 2011 from the Sheriff of the Parish of Lafourche, stating that Johnson had been incarcerated in Lafourche Parish since May 12, 2011. Under La.C.Cr.P. art. 349.8(A)(1)[5], International had one hundred and eighty days from the mailing of the notice of judgment of forfeiture to surrender Johnson and have the judgment of bond forfeiture satisfied and set aside. The notice of judgment of bond forfeiture was |7mailed on November 8, 2010. Accordingly, the last day for International to produce Johnson and be relieved of its obligations under the bond was one hundred and eighty days from November 8, 2010, or May 7, 2011. The letter of verification of incarceration certifies Johnson was incarcerated in Lafourche Parish on May 12, 2011; clearly outside of the prescribed period allowed for the surrender of Johnson. This assignment of error is without merit.
DECREE
The judgment denying the motion to set aside the bond forfeiture or to grant a *20 nullity is affirmed. Costs of this appeal are assessed to appellant, International Fidelity Insurance Company.
AFFIRMED.
HIGGINBOTHAM, J. concurs.

. Appearance Bail Bond number 700781D, executed by Johnson, as principal, and International, as surety, on February 1, 2010, provided that Johnson acknowledged notification *17 of a court appearance on March 12, 2010 and "promises to appear before the court whenever required to answer the charges or related charges and all stages of the proceedings through pronouncement of sentence....”

. Ms. Makiva Johnson was Mr. Johnson’s attorney of record.

. On Friday, August 13, 2010, Ms. Johnson filed a Motion for Continuance of the Monday, August 16, 2010 trial date, stating that she had a prior matter pending in another parish on August 16, 2010 and that the Assistant District Attorney had no objection to the matter being continued until October. On August 16, 2010, the date on which Johnson failed to appear in court for trial, the district court signed the order continuing the trial to October 18, 2010; however, there is no indication in the record whether this order was signed before or after Johnson failed to appear for his trial on August 16, 2010.

. Louisiana Code of Criminal Procedure article 345(D) provides:
D. If during the period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
(1) The defendant or his sureties file a motion within the period allowed for the surrender of the defendant. The motion shall be heard summarily.
(2) The sureties of the defendant provide the court adequate proof of incarceration of the defendant, or the officer originally charged with his detention verifies his incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the period allowed for the surrender of the defendant at the time the defendant or the surety files the motion, shall be deemed adequate proof of the incarceration of the defendant.
(3)The defendant’s sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant’s detention prior to the defendant's return.

. Louisiana Code of Criminal Procedure article 349.8(A)(1) provides:
For bonds that have a face value under fifty thousand dollars, a judgment forfeiting the appearance bond shall at any time, within one hundred eighty days after the date of mailing the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender of the defendant or the appearance of the defendant. The surrender of the defendant also relieves the surety of all obligations under the bond and the judgment.