STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-663


CITY OF LAFAYETTE

VERSUS

KEVIN RECO TYLER


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAFAYETTE CITY COURT
LAFAYETTE PARISH, NO. CT201212571, 12572
HONORABLE DOUGLAS J. SALOOM, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese,
Judges.


**AFFIRMED.**

**Danny J. Louviere**
**134 West Bellevue Street**
**Opelousas, LA 70570**
**(337) 654-0594**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Zerangue's Bail Bonds, Inc.**

**Gary J. Haynes**
**City Prosecutor**
**1013 West University Avenue**
**Lafayette, LA 70506**
**(337) 235-8640**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **City of Lafayette**

**PETERS, J.**

Zerangue's Bail Bonds, Inc., appeals a trial court judgment wherein the trial court refused to set aside a judgment of bond forfeiture rendered against it because of the failure of Kevin Reco Tyler to appear at his arraignment. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

Kevin Reco Tyler first failed to appear in the Lafayette City Court for his September 17, 2012 arraignment on multiple traffic-related offenses. Based on his failure to appear, the trial court issued a warrant for his arrest. Thereafter, Tyler was taken into custody on the warrant on November 1, 2013, and posted a $750.00 appearance bond to secure his release pending trial on the underlying offenses. Zerangue's Bail Bonds, Inc. (Zerangue) issued the appearance bond as agent for Financial Casualty & Surety, Inc. (Financial Casualty).

The trial court reset arraignment on the charges for December 16, 2013, and Tyler failed to appear for that hearing. On December 27, 2013, the trial court issued a bench warrant for his arrest and a judgment of bond forfeiture against Financial Security.

On June 13, 2014, Zerangue filed a motion seeking to set aside the bond forfeiture and to be discharged and released as surety based on the authority of La.Code Crim.P. art. 345. As support for its motion, Zerangue attached a copy of a St. Landry Parish Jail Sheet, which purports to reflect that Tyler had been booked into that jail at 7:49 p.m. on February 25, 2014, and released at 11:38 a.m. the next day.[1]

---

[1] The particulars of his release are not made clear from the Jail Sheet. At the top of the form, the line entitled "Reason for Release" is followed by the notation "BO[,]" which we interpret to mean that he made bail. However, at the bottom of the form under the notation "Release Notes[,]" is the notation "TRANS TO EUNICE CITY".

Following an April 14, 2013 hearing, the trial court rejected Zerangue's motion. After the trial court executed an order to that effect on May 5, 2014, Zerangue perfected this appeal wherein it asserts one assignment of error:

> The trial court erred when it denied Appellant's motion for discharge and release of surety, set aside judgment of bond forfeiture and, [sic] relieve Appellant from liability as regards power of attorney number FCS5-121194, naming Kevin Reco Tyler as principal.

**OPINION**

The facts are not at issue in this appeal, and the trial court denied Zerangue relief based on its interpretation of La.Code Crim.P. art. 345. That being the case, the issue on appeal is an issue of law, and we review questions of law *de novo* in order to determine whether the trial court's decision was legally correct. *Johnson v. Johnson*, 13-719 (La.App. 3 Cir. 12/11/13), 128 So.3d 627, *writ denied*, 14-76 (La. 3/14/14), 135 So.3d 605.

> The general rule is that bond forfeitures are not favored[.] *State v. Bailey*, 567 So.2d 721, 724 (La.App. 2 Cir.1990). A bond forfeiture is basically a civil proceeding; however, it is subject to the special rules as set forth in the Code of Criminal Procedure. *State v. Likens*, 577 So.2d 285, 289 (La.App. 3 Cir.1991), *writ denied*, 580 So.2d 386 (La.1991). In order to obtain a judgment of bond forfeiture against a surety, the State must strictly comply with the terms of the statutory provisions regulating bond forfeitures. *Bankers Insurance Company v. State*, 37-080, p. 4 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 644, *writ denied*, 2003-1240 (La.6/27/03), 847 So.2d 1268.

*State v. Johnson*, 13-133, pp. 3-4 (La.App. 1 Cir. 11/1/13), 136 So.3d 15, 17-18.

Pursuant to the authority provided in La.Code Crim.P. art. 349.8(A)(1), Zerangue had 180 days from the date of mailing of the notice of the judgment of forfeiture in which to satisfy the judgment by surrendering the defendant, and La.Code Crim.P. art. 345 sets forth the procedure for how a surrender is to be effected as well as the consequences thereof. The situation where a defendant

2

becomes incarcerated in another parish or foreign jurisdiction is provided for in La.Code Crim.P. art. 345(D) which reads as follows:

If during the period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied *if all of the following conditions* are met:

(1) The defendant or his sureties file a motion within the period allowed for the surrender of the defendant. The motion shall be heard summarily.

(2) The sureties of the defendant provide the court adequate proof of incarceration of the defendant, or the officer originally charged with his detention verifies his incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated *within the period allowed for the surrender of the defendant at the time the defendant or the surety files the motion*, shall be deemed adequate proof of the incarceration of the defendant.

(3) The defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention prior to the defendant's return.

(Emphasis added).

The consequences of compliance with La.Code Crim.P. art. 345(D) are set forth in La.Code Crim.P. art. 345(F), which reads as follows:

When the defendant has been surrendered in conformity with this Article or a letter of verification of incarceration has been issued to the surety as provided for in this Article, the court shall, upon presentation of the certificate of surrender or the letter of verification of incarceration, order that the surety be exonerated from liability on his bail undertaking and shall order any judgment of forfeiture set aside.

In this case, sometime within the 180 day surrender window, Zerangue learned that the defendant had been incarcerated for one day in the St. Landry Parish jail, and informed the trial court of his incarceration within that 180 day surrender window, but twenty-six days after his release. Zerangue argues to this court, as it did to the trial court, that this notification satisfies the first two

3

requirements of La.Code Crim.P. art. 345(D); and that it need not comply with the third requirement because the defendant was no longer in the custody of the St. Landry Parish facility. The trial court did not accept this interpretation of La.Code Crim.P. art. 345(D), and neither do we.

We agree with the analysis of the compliance requirements of La.Code Crim.P. art. 345(D) as set forth in *State v. International Fidelity Insurance Co.*, 32,837, 32,838, pp. 2-3 (La.App. 2 Cir. 3/1/00), 756 So.2d 565, 566, wherein the court stated the following:

> At all pertinent times, La.C.Cr.P. art. 345(D) provided that, if within six months after a bond forfeiture judgment has been entered, a defendant is found incarcerated, the judgment of bond forfeiture is deemed satisfied if the surety meets three conditions. First, the filing of summary proceedings; second, the submission of proof of the defendant's incarceration; and third, that "defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention." This statute was amended in 1999 to add to the third requirement payment "***prior to the defendant's return.***" (Emphasis added). This 1999 amendment was remedial and for clarification of the obvious.
>
> A plain reading of the statute shows that a surety must meet all three conditions before the surety's obligation is satisfied and released. The record shows that the surety did not tender payment of the cost of transportation until approximately three weeks after [the defendant] had been released. Thus, at the time the fax was sent and the motion filed, the surety had not satisfied La.C.Cr.P. art. 345(D). Thereafter, when the cost was tendered, the second condition of article 345(D), that defendant be incarcerated, was not met. We find that the trial court erred in releasing the surety from its bond obligations. We therefore reverse the trial court's judgment and reinstate both bond forfeiture judgments against the surety.

The obvious purpose of compliance with La.Code Crim.P. art. 345(D) by the surety is to place the officer who was originally charged with the defendant's detention in a position to take immediate action to assure the defendant's return from the parish of his incarceration. That never happened in this case as the defendant had been released from the St. Landry Parish jail for twenty-six days

4

before Zerangue notified the trial court of his incarceration, making it impossible for the officer in Lafayette Parish charged with his original detention to regain custody.

Based on the record before us, we find that the trial court correctly denied Zerangue's motion as Zerangue clearly failed to satisfy the requirements of La.Code Crim.P. art. 345(D). We find no merit in Zerangue's sole assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment rejecting the request of Zerangue's Bail Bonds, Inc. to set aside the bond forfeiture and to be released from further liability under the surety bond. We assess all costs of this appeal to Zerangue's Bail Bonds, Inc.

**AFFIRMED.**