STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0446

STATE OF LOUISIANA

VERSUS

CHANCE MAQUAND ROSS

Judgment Rendered:     MAR 2 5 2021

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 10-16-0614

Honorable Fred T. Crifasi, Judge Presiding

* * * * * *

| | |
|---|---|
| Hillar C. Moore, III<br>District Attorney<br>Michelle A. Lacoste<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Counsel for Appellee<br>State of Louisiana |
| Ralph Bickham<br>New Orleans, Louisiana | Counsel for Defendant/Appellee<br>Chance Maquand Ross |
| William Noland<br>Brandon, Mississippi | Counsel for Defendant/Appellant<br>Lexington National Insurance<br>Corporation |

* * * * * *

BEFORE:  GUIDRY, McCLENDON, THERIOT, LANIER, AND WOLFE, JJ.

**McCLENDON, J.**

In this appeal, a surety challenges the trial court's bond forfeiture judgment that awarded the State of Louisiana the face amount of the appearance bond, plus attorney fees and costs. For the following reasons, we reverse and set aside the judgment.

## FACTS AND PROCEDURAL HISTORY

On May 4, 2016, Lexington National Insurance Corporation (Lexington), a commercial surety company, executed a bail undertaking in the amount of $30,000.00 on behalf of a defendant, Chance Marquand Ross.[1] (R.pp. 9-10). On August 31, 2017, the defendant failed to appear in court as required, and the trial court ordered the issuance of a bench warrant for his arrest. (R.p. 41). The Notice of Warrant for Arrest was issued on September 6, 2017. (R.pp. 58-59). Thereafter, the defendant failed to make an appearance and did not surrender or constructively surrender within the one-hundred-and-eighty-day period set forth in LSA-C.Cr.P. arts. 335 and 336A. On August 12, 2019, almost two years later, the State filed a rule to show cause, requesting that a bond forfeiture judgment be rendered against the defendant and Lexington.[2] (R.p. 53). In response to the State's rule to show cause, Lexington filed a Peremptory Exception of Peremption on September 12, 2019, arguing that the appearance of the defendant in court on March 15, 2018, extinguished the right of the State to file the rule for a bond forfeiture judgment. (R.p. 61). Also on September 12, 2019, Lexington filed an answer raising the affirmative defense of extinguishment of the obligation, pursuant to LSA-C.Cr.P. art. 331. (R.p. 75).

Following a hearing on October 2, 2019, the trial court denied the exception. Thereafter, on October 28, 2019, the trial court rendered a bond forfeiture judgment in favor of the State and against the defendant and Lexington, *in solido*, in the original principal amount of $30,000.00, plus judicial interest from the date of judicial demand

---

[1] The bond was posted for the criminal offenses of possession with intent to distribute a controlled dangerous substance, Schedule I, a violation of LSA-R.S. 40:966A, and possession of a firearm while in possession of a controlled dangerous substance, a violation of LSA-R.S. 14:95E. (R.p. 9).

[2] The State attached to its rule to show cause copies of the appearance bond, the power of attorney executed by the agent for the surety, the Notice of Warrant for Arrest, and a Certificate of Notice that the Notice of Warrant for Arrest was mailed to the defendant and surety.

until paid, plus attorney fees in the amount of 20% of the aggregate outstanding balance, and interest, and all costs of court. Lexington has suspensively appealed the October 28, 2019 judgment.

## DISCUSSION

The purpose of a bail (and a bond securing bail) is to ensure that the accused will appear at all stages of the proceedings to answer the charge for which he will be prosecuted. **State v. Jones**, 15-1232 (La.App. 4 Cir. 8/17/16), 200 So.3d 950, 952, writ denied, 16-1651 (La. 6/29/17), 222 So.3d 48. When a defendant fails to be present in court at a subsequent scheduled appearance, the State may obtain a forfeiture of the surety bond. **Id**.

Generally, bond forfeitures are not favored. **State v. Johnson**, 13-0133 (La.App. 1 Cir. 11/1/13), 136 So.3d 15, 17. A bond forfeiture is basically a civil proceeding; however, it is subject to the special rules as set forth in the Code of Criminal Procedure. In order to obtain a judgment of bond forfeiture against a surety, the State must strictly comply with the terms of the statutory provisions regulating bond forfeitures. **Johnson**, 136 So.3d at 17-18.

In its appeal, Lexington argues that when the defendant appeared in court on March 15, 2018, after the one hundred eighty days but before the State filed its rule to show cause, the guilty plea by the defendant and his sentencing on March 15, 2018, released Lexington of all its obligations under the bail undertaking. Lexington specifically refers to LSA-C.Cr.P. art. 331A(1), which provides that "[u]pon conviction in any case, the bail undertaking shall cease and the surety shall be relieved of all obligations under the bail undertaking."[3]

On December 30, 2020, another panel of this court rendered its decision in **State v. Byrd**, 20-0447 (La.App. 1 Cir. 12/30/20), ___ So.3d ___.[4] In **Byrd**, as here,

---

[3] Lexington also argues that the appearance of the defendant in court on March 15, 2018, interrupted the running of the time period within which the State could file its rule to show cause. While Lexington admits that the one hundred eighty days set forth in Articles 335 and 336A had elapsed on March 5, 2018, it asserts that a second time period began to run on March 6, 2018. Because we are setting aside the trial court's judgment pursuant to Article 331A(1), we need not address Lexington's argument.

[4] We note that the case before us was allotted to a five-judge panel prior to this court's decision in **Byrd**.

3

the defendant entered a guilty plea and was sentenced by the trial court prior to the institution of the claim for bond forfeiture relief. This court held that by operation of the provisions of Article 331A(1), upon the defendant's conviction, the surety's bail undertaking ceased, and the surety was relieved of all obligations under the bail undertaking.[5] **Byrd**, ___ So.3d at ___. Therefore, this court reversed, finding that the State was unable to offer the requisite proof of the bail undertaking as required in Article 336.[6]

Similarly, in this matter, when the State instituted the rule to show cause requesting rendition of a bond forfeiture judgment, after the defendant's guilty plea and sentencing, the bail undertaking had ceased and the surety had been relieved of all obligations under the bail undertaking. Finding **Byrd** to be applicable, we reverse and set aside the trial court's judgment.

## CONCLUSION

Considering the above, we reverse and set aside the October 28, 2019 judgment of the trial court in favor of the State of Louisiana and against Chance Maquand Ross and Lexington National Insurance Corporation. Costs of this appeal in the amount of $554.50 are assessed against the State of Louisiana.

**REVERSED AND SET ASIDE.**

---

[5] The court in **Byrd**, stated that "it is axiomatic that a guilty plea is a conviction." **Byrd**, ___ So.3d at ___, citing **State v. West**, 18-0868 (La.App. 1 Cir. 5/31/11), 277 So.3d 1213, 1217.

[6] Compare **State v. Jones**, 19-1052 (La.App. 4 Cir. 4/29/20), 299 So.3d 654, and **State v. Jones**, 18-909 (La.App. 3 Cir. 6/5/19), 275 So.3d 34.

4