756 So.2d 565 (2000)
STATE of Louisiana, Plaintiff-Appellant,
v.
INTERNATIONAL FIDELITY INSURANCE COMPANY, Surety (Marlon L. Corprue, Principal), Defendants-Appellees.
Nos. 32,837-CA, 32,838-CA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
Rehearing Denied March 30, 2000.
Jerry L. Jones, District Attorney, Earl Cox, Assistant District Attorney, Counsel for Appellant.
Michael D. Singletary, Lafayette, Counsel for Appellee.
Before BROWN, STEWART and DREW, JJ.
BROWN, J.
The state appeals the trial court's release of a surety, International Fidelity Insurance Company, from two bond forfeiture *566 judgments. For the following reasons, we reverse and render.

FACTUAL AND PROCEDURAL BACKGROUND
On November 17, 1998, Marlon Corprue failed to appear in court for misdemeanor charges of switched license plates and simple battery. On December 17, 1998, judgments against the surety were signed forfeiting bonds in the amounts of $1,500 and $2,500 respectively. On January 11, 1999, attorney Michael Singletary advised the Ouachita Parish Sheriff's Office by fax that Marlon Corprue was incarcerated in the Union Parish Detention Center. This fax also requested that a hold be placed on Corprue so that he could be returned to "Calcasieu Parish" to answer a bench warrant. A second fax was sent on January 14, 1999, which corrected the mistake and properly asked that Corprue be returned to Ouachita Parish.
On January 15, 1999, the surety filed a motion in Ouachita Parish requesting a discharge and release from its bond obligations. That same day, Corprue was released from the Union Parish Detention Center to the custody of the West Monroe Police Department in connection with charges in the West Monroe City Court. Later that day, Corprue was released from West Monroe City Jail on bond posted by the same surety, International Fidelity.
On February 8, 1999, the surety submitted a check for $112 to the Ouachita Parish Police Jury to have Corprue transported from the Union Parish Detention Center to the Ouachita Parish Jail; however, at this time, Corprue was not in incarcerated in either Union Parish or West Monroe. This was clearly known to the surety as it had posted bond for Corprue in West Monroe on January 15, 1999. Thus, the money was returned and the surety informed by the Ouachita Parish District Attorney's Office that the bond forfeiture judgments had not been satisfied.
On April 8, 1999, a hearing was conducted on a motion by the surety to be released from its bond obligations. On May 7, 1999, the trial court signed a judgment ordering the release of the surety upon the payment of $112, the previously agreed upon price to transport Corprue to the Ouachita Parish Jail. The State has appealed.

DISCUSSION
At all pertinent times, La.C.Cr.P. art. 345(D) provided that, if within six months after a bond forfeiture judgment has been entered, a defendant is found incarcerated, the judgment of bond forfeiture is deemed satisfied if the surety meets three conditions. First, the filing of summary proceedings; second, the submission of proof of the defendant's incarceration; and third, that "defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention." This statute was amended in 1999 to add to the third requirement payment "prior to the defendant's return." (Emphasis added). This 1999 amendment was remedial and for clarification of the obvious.
A plain reading of the statute shows that a surety must meet all three conditions before the surety's obligation is satisfied and released. The record shows that the surety did not tender payment of the cost of transportation until approximately three weeks after Corprue had been released. Thus, at the time the fax was sent and the motion filed, the surety had not satisfied La.C.Cr.P. art. 345(D). Thereafter, when the cost was tendered, the second condition of article 345(D), that defendant be incarcerated, was not met. We find that the trial court erred in releasing the surety from its bond obligations. We therefore reverse the trial court's judgment and reinstate both bond forfeiture judgments against the surety.

*567 CONCLUSION

For the reasons set forth above, we reverse the judgment of the trial court and enter judgment in favor of the State in the amount of the original bond forfeiture judgments, $4,000. All costs of this appeal are to be assessed against the surety, International Fidelity Insurance Company.
REVERSED AND RENDERED.
STEWART and DREW, JJ., concur.

APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, PEATROSS, and DREW, JJ.
Rehearing denied.