JAMES L. CANNELLA, Judge.
| ¡.The Appellants, Westbank Bail Bonds (WBB) and International Fidelity Insurance Company (IFIC) appeal from a judgment denying their Motion to Set Aside the Judgment for Bond Forfeiture. We affirm.
The Defendant, Rennada Ramee, was arrested and charged with theft of goods, valued between $100 and $500, a violation of La.R.S. 14:67.10. A commercial bond was set in the amount of $3,500. On June 3, 2004, the bond was posted by WBB, agents of IFIC. The Defendant’s address on the bond was 4118 St. Bernard Avenue D, New Orleans, Louisiana. Arraignment was first set for July 19, 2004 and then reset for July 7, 2004. The return on the notice of the hearing date stated “not at this address per occupant.” When the Defendant failed to appear on July 7, 2004, the State filed a motion for forfeiture of the bond. The trial | ¿judge granted the motion, the bond was forfeited, and notice was mailed to the Appellants, postmarked July 13, 2004.
On January 7, 2005, the Appellants filed a Motion to Set Aside the Judgment for Bond Forfeiture. A hearing was held on February 3, 2005. The motion was denied by the trial judge on February 13, 2006.[1]
On appeal, the Appellants argue that the trial judge erred in denying their motion to vacate the judgment of bond forfeiture on the basis that the Appellants failed to pay transportation costs pursuant to La. C.Cr.P. art. 345 D.[2]
*1094 In this case, the Appellants sought to have the bond forfeiture set aside based on La.C.Cr.P. art. 345 D, which states:
D. If during the six-month period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
(1) The defendant or his sureties file a motion in summary proceeding within the six-month period.
(2) The defendant’s sureties produce to the court adequate proof of defendant’s incarceration, or the officer originally charged with defendant’s detention verifies the defendant’s incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the six-month period at the time the defendant or the surety files the motion, shall be deemed adequate proof of the defendant’s incarceration.
, (3) The defendant’s sureties pay the officer originally charged with the defendant’s detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant’s | ¿detention prior to the defendant’s return ....
⅝ * * ⅜ ⅜
F. When the defendant has been surrendered in conformity with this Article or a letter of verification of incarceration has been issued to the surety as provided for in this Article, the court shall, upon presentation of the certificate of surrender or the letter of verification of incarceration, order that the surety be exonerated from liability on his bail undertaking and shall order any judgment of forfeiture set aside....
The trial judge denied the motion to set aside the judgment because the Appellant failed to comply with the third requirement of C.Cr.P. art. 345 D.[3] Paragraph (3) requires the surety to pay costs to the officer originally in charge of a defendant, in this case, the Jefferson Parish Sheriffs office, for transporting the defendant to that parish (Jefferson) from another jurisdiction (Orleans Parish). The Appellants argue that it should not have to pay transportation costs since the Defendant was no longer incarcerated in Orleans Parish when the motion was filed, and thus, no transportation costs were incurred.
We agree with the Appellants that transportation costs are not owed when the defendant is not incarcerated, since the original officer in charge did not incur costs to transport the defendant from another parish jail. However, the Appellants *1095 are still not entitled to relief because La. C.Cr.P. 345 is not applicable to these facts. The statute applies to circumstances in which a defendant who fails to make a court appearance cannot be surrendered by the surety because the defendant has been subsequently incarcerated and is still in jail.[4] See: State v. International Fidelity Ins. Co, 32-838 (La.App. 2nd Cir.3/1/00), 756 So.2d 565, 566. In the absence of any other applicable defense to the surety’s obligation on the bond, we Ififínd that the trial judge did not err in denying the motion to vacate the bond forfeiture.
Accordingly, the judgment of the trial court is hereby affirmed.

AFFIRMED.

. This Court dismissed the Appellants’ appeal on February 3, 2006 because there was no written judgment rendered in the case. The Defendant subsequently obtained a written judgment and filed a timely motion for rehearing which we granted. The case was reset on our next available docket.

. See also La.R.S. 15:85, 15:87 and C.Cr.P. 345 A. La.R.S. 15:85(5) provides that the defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties are also entitled to bring defenses and nullity actions pursuant to C.Cr. P. art. 345 and R.S. 15:87 by use of summary proceedings within six months from mailing the *1094 notice of the signing of the judgment of bond forfeiture. R.S. 15:87 A. prohibits the forfeiture of an appearance bond if it is shown the defendant is prevented from attending because of physical disability, illness, injuiy, or he is being detained in the jail or penitentiary of another jurisdiction. La.C.Cr.P. art. 345 A. also releases the surety from any obligation under the bond, if the defendant is surrendered at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond.

. The Appellants complied with C.Cr.P. art. 345 D, D(l) and D(2). The Defendant was incarcerated for two days, from December 15, 2004 through December 17, 2004, four months after the bond was forfeited. On January 7, 2005, three weeks after the Defendant’s release from incarceration, the Appellants filed its motion to set aside the judgment. Both events occurred within the six month period provided for in C.Cr.P. art 345 D and D(l). In addition, the Appellants satisfied C.Cr.P. art. 345 D(2) by filing a letter from the Orleans Parish Sheriff's Office verifying that the Defendant had been incarcerated for those two days in December of 2004.

. The incarceration defense in La.R.S. 15:87 relates to the defendant’s failure to appear in court for a court set proceeding because the defendant is in jail on that date. La.C.Cr.P. art. 345 applies to a subsequent incarceration, which bars the surety from bringing the defendant back to the officer originally in charge of the defendant.