997 So.2d 165 (2008)
STATE of Louisiana, Plaintiff-Appellee
v.
Fidel Mendez DE LA ROSA, (International Fidelity Insurance Company), Defendant-Appellant.
Nos. 43,696-CA, 43-697-CA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*166 Richard Woolbert, Shreveport, for Defendant-Appellant.
J. Schuyler Marvin, District Attorney, Joseph Gregorio, Assistant District Attorney, for Plaintiff-Appellee.
Before WILLIAMS, GASKINS and LOLLEY, JJ.
GASKINS, J.
In this bond forfeiture proceeding, a surety, Pleasant Bail Bonds & Recovery (Pleasant), appeals from a trial court decision denying Pleasant's motion to set aside a judgment of bond forfeiture. For the following reasons, we affirm the trial court judgment.

FACTS
The defendant in these consolidated cases, Fidel Mendez De La Rosa, was charged with domestic abuse battery and aggravated battery arising from an incident on December 23, 2005. The defendant contracted with Pleasant and bonded out of jail. His bond was $10,000 on the domestic abuse battery charge and $1,000 on the aggravated battery charge. The bond was underwritten by International Fidelity Insurance Company (International).
The defendant made his initial court appearance in February 2006. On that date, the arraignment was passed to May 10, 2006, for the defendant to complete an anger management course and to pay the costs of court. The defendant failed to appear for a court date on May 10, 2006. The prosecution moved for forfeiture of the bond. On June 14, 2006, the trial court signed an order of bond forfeiture for the entire $11,000.
On December 18, 2006, Pleasant, as agent for International, filed a motion to set aside the bond forfeiture. A hearing was held on the motion on November 27, 2007. Pleasant claimed that the defendant had returned to Mexico to visit family and was prevented from reentering this country by United States authorities. Pleasant did not state a reason for the denial of reentry. Pleasant argued that this was a fortuitous event under La. C. Cr. P. art. 345(I) and asserted that, since it had no control over these events and because Mexico does not allow bounty hunting, it cannot return the defendant to the jurisdiction of the court. Pleasant contended that the defendant did not leave the United States in order to escape prosecution and he had no reason to think that he would not be able to reenter the United States. Therefore, it argued that the *167 judgment of bond forfeiture should be overturned.
The trial court was not swayed by Pleasant's argument and denied the motion to set aside the bond forfeiture. Pleasant filed a writ application complaining of the trial court ruling. This court converted the writ application into an appeal.

FORTUITOUS EVENT
Pleasant argues that the trial court erred in finding that the defendant's inability to return to the United States is not a fortuitous event. It continues to urge that the defendant did not know when he went to Mexico that he could not get back into this country. The company maintains that the defendant had entered the United States on at least one other occasion and was working in Louisiana in the construction industry. Pleasant also contends that it anticipated that, upon completion of a court-ordered anger management course, the charges against the defendant would have been dropped; therefore, he had no reason to flee in order to avoid prosecution. Pleasant asserts that the interests of justice and equity require that the bond forfeiture be set aside because the company cannot pursue the defendant into Mexico to bring him back to the jurisdiction of the court. This argument is without merit.
La. R.S. 15:87 sets forth situations in which a judgment of bond forfeiture shall not be rendered. That statute provides:
A. No judgment decreeing the forfeiture of an appearance bond shall be rendered, if it is shown to the satisfaction of the court that the defendant, principal in such bond, is prevented from attending because of any of the following:
(1) He has a physical disability, illness, or injury.
(2) He is being detained in the jail or penitentiary of another jurisdiction.
(3) He is serving in the armed forces of the United States.
B. A sworn affidavit of the jailer, warden, physician, commanding officer, or other responsible officer where the principal is detained, who attests to the cause of the defendant's failure to appear shall be considered adequate proof of the defendant/principal's inability to appear.
C. If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for reasons enumerated in this Section, the court shall declare the judgment of bond forfeiture null and void if the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within six months of the mailing of notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for the causes enumerated in this Section.
None of the situations enumerated in La. R.S. 15:87 apply to the current facts. Instead, Pleasant claims that the defendant's absence was due to a fortuitous event and therefore the judgment of bond forfeiture should not have been rendered.
In claiming that the defendant's failure to appear was due to a "fortuitous event," Pleasant relies upon La.C.Cr.P. art. 345(I) which provides:
I. In addition to and notwithstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with proof satisfactory to the discretion of the court that a fortuitous event has occurred and that such *168 event has made his performance required under the contract impossible to perform. A motion seeking relief pursuant to this Paragraph must be filed within twelve months from the date of the fortuitous event, excluding legal delays. The court in its discretion may do any of the following:
(1) Set aside the forfeiture or grant the nullity.
(2) Grant an extension of time up to twelve months from the expiration of the initial six month time period from the date of the mailing of proper notice of bond forfeiture. If the court grants that extension, judicial interest shall be suspended during that additional time period.
(3) Deny the relief. [Emphasis supplied.]
This provision was part of an addition to the Louisiana statutory scheme for bail bond obligations enacted by Acts 2006, No. 466.[1] The Act was aimed at dealing with the aftermath of hurricanes Katrina and Rita. Notes to the Act state:
This Act specifically recognizes that hurricanes Katrina and Rita caused significant and devastating destruction of personal and real property, and resulted in the mandatory evacuation, relocation, and displacement of many residents in several parishes of the state of Louisiana. It also recognizes that the devastation caused by the hurricanes resulted in the governor declaring a disaster or emergency by executive order or proclamation pursuant to the provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act for certain parishes. Further, it recognizes that the damages caused by these hurricanes have made it impossible for sureties and law enforcement officials to locate some defendants.
The Act further provided that since it is interpretive, curative, and procedural, it is to be applied retroactively and prospectively. Also added by the Act is La. R.S. 15:83 which provides for the nature of the bail bond obligation and defines "fortuitous event." The statute states:
A. As criminal bail bonds are contractual and civil in nature, their creation and enforcement are governed both by the laws applicable to civil contracts and by the laws set forth in the statutes and code articles governing criminal procedure.
B. The surety, when entering into a criminal bail bond obligation, must consider the risks of his undertaking and assume those risks reasonably foreseeable.
C. (1) The surety is not liable for his failure to perform when it is caused by a fortuitous event that makes performance impossible. A surety is, however, liable for his failure to perform when he has assumed the risk of such a fortuitous event.
(2) A fortuitous event is one that, at the time the contract was made, could not have been reasonably foreseen by the surety.
(3) A declaration of a disaster which qualifies for relief and assistance under Chapter 68 of Title 42 of the United States Code, the "Robert T. Stafford Disaster Relief and Emergency Assistance Act," meets the definition of a fortuitous event. [Footnote omitted.]
This provision specifically defines a fortuitous event as one that, at the time the *169 contract was made, could not have been reasonably foreseeable by the surety. Fortuitous events include the declaration of a disaster which qualifies for federal emergency relief and assistance.
The facts presented in the present case do not meet this statutory definition. As provided in the statute, when a surety undertakes a bail bond obligation, he must consider the risks of the undertaking and he assumes those risks which are reasonably foreseeable. Displacement of criminal defendants by a catastrophic natural disaster would not be the type of risk reasonably contemplated in the ordinary bail bond obligation. However, the risk that a defendant, particularly an alien defendant, will flee the jurisdiction of the court, possibly to his native country, and fail to make a court appearance is an obvious and foreseeable risk involved in a bail bond obligation. Such a risk must be contemplated by the surety when entering into the bail bond obligation. Therefore, the possibility that a defendant will travel to his native country and not be able to return to the jurisdiction of our courts is not a fortuitous event.
As stated by the trial court in this matter:
I would think that if you're going to bond out aliens whether they're legal or illegal that a certain percentage of them probably this is going to happen. I would think you'd have to look at it as cost of doing business.
We find that the trial court was correct in ruling that the circumstances of this case do not meet the definition of a fortuitous event under La. C. Cr. P. art. 345(I). We affirm the trial court judgment denying the motion to set aside the bond forfeiture in this matter.

CONCLUSION
For the reasons stated above, we affirm the judgment of the trial court denying the motion to set aside the bond forfeiture filed by Pleasant Bail Bonds & Recovery and International Fidelity Insurance Company. Costs in this court are assessed to Pleasant Bail Bonds & Recovery and International Fidelity Insurance Company.
AFFIRMED.
NOTES
[1] The Act added La. R.S. 15:83, 85(12), 85(13) and La. C. Cr. P. arts. 345(I) and (J) and 955(F).