# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1129

STATE OF LOUISIANA

VERSUS

VALERIE A. TABB
AKA VALERIE A. GILBERT
AKA VALERIE A. KORN

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 142742
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## D. KENT SAVOIE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell, James T. Genovese, Shannon J. Gremillion, and D. Kent Savoie, Judges.

**REVERSED.**

**COOKS, J., dissents and assigns reasons.**

**GREMILLION, J., dissents and assigns reasons.**

**Keith A. Stutes**
**District Attorney, Fifteenth Judicial District**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **State of Louisiana**

**Emilia Salas Pardo**
**Assitant District Attorney, Fifteenth Judicial District**
**911 Lee Ave.**
**Lafayette, LA 70501**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **State of Louisiana**

**Randy J. Lasseigne**
**P. O. Box 5313**
**Lafayette, LA 70502-5313**
**(337) 233-1720**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **International Fidelity Ins. Co.**
    **A-Abail Bonding**

**Gerald Block**
**Fifteenth Judicial District Public Defenders Office**
**P.O. Box 53506**
**Lafayette, LA 70505**
**(337) 233-9296**
**COUNSEL FOR DEFENDANT-APPELLEE**
    **Valerie A. Tabb**
    **AKA Valerie A. Gilbert**
    **AKA Valerie A. Korn**

**SAVOIE, Judge.**

The State of Louisiana appeals two judgments in favor of a surety deeming as satisfied two commercial bonds that had previously been adjudicated as forfeited. For the reasons that follow, we reverse.

<u>FACTS</u>

Two commercial bonds were issued by International Fidelity Insurance Company, through its agent A-Abail Bonding, (hereinafter, collectively "Fidelity/A-Abail") to secure the appearance of Valerie A. Tabb, a/k/a Valerie A. Gilbert, a/k/a Valerie A. Korn, on charges of possession of hydrocodone, a violation of La.R.S. 40:968, possession of aplrazolam, a violation of La.R.S. 40:969, and theft of goods under $500.00, a violation of La.R.S. 14:67.10. One of the bonds was in the amount of $9,500.00, and the other was in the amount of $2,500.00. On September 17, 2013, Ms. Tabb was to be arraigned. She did not appear for her arraignment, and the matter was rescheduled for service. When she failed to appear on July 29, 2014, the trial court entered judgments of bond forfeiture.

According to the testimony of Lieutenant Dale Thomas, Supervisor of the Warrants Division of the Lafayette Parish Sheriff's Office, on December 9, 2014, Fidelity/A-Abail Bonding contacted him and asked that Ms. Tabb's name be placed into the National Crime Information Center database. On December 17, 2014, Ms. Tabb was detained by a recovery agent in Mesa County, Colorado, arrested as a fugitive, and incarcerated at Mesa County Detention Center. Ms. Tabb refused to waive extradition from Colorado. Therefore, according to Lieutenant Thomas, the next step would have been for a Governor's warrant or extradition warrant to be issued to the State of Colorado, and then the sheriff's

Transportation Division would ascertain the cost of transporting Ms. Tabb from Colorado to Louisiana. However, no such warrant was issued. Ms. Tabb was released on bond on December 19, 2014.

Also on December 19, 2014, but several hours prior to Ms. Tabb's release from Mesa County Detention Center, Fidelity/A-Abail filed motions in the instant matter to have their bond obligations deemed satisfied on the basis that Ms. Tabb was incarcerated in Colorado. The matter was originally fixed for hearing in May 2015, but was continued at Fidelity's/A-Abail's request. In August 2015, the State filed oppositions to the motions in which it asserted that Ms. Tabb had been released from the Mesa County Detention Facility on bond. The State also asserted that Fidelity/A-Abail failed to comply with La.Code Crim.P. art. 345(D)(3), which requires payment of "the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention prior to the defendant's return."

It is undisputed that Fidelity/A-Abail never tendered payment of the cost of transporting Ms. Tabb from Colorado to Louisiana. However, Fidelity/A-Abail argue that, because no extradition warrant was ever issued and they were never notified of the cost to transport Ms. Tabb back to Louisiana, they were "prohibited" from paying transportation costs as required by La.Code Crim.P. art. 345(D)(2), and therefore their bond obligations should be deemed satisfied.

The trial court agreed with Fidelity/A-Abail, granted the motions, and entered judgments deeming their bond obligations satisfied. The State appeals from these judgments. In its sole assignment of error, the State contends that the trial court erred in deeming the bond obligations satisfied because the reasonable cost for transporting Ms. Tabb was not paid.

## ANALYSIS

The facts of this case are undisputed. At issue is the trial court's interpretation of La.Code Crim.P. art. 345(D), which is an issue of law that we review de novo. *City of Lafayette v. Tyler*, 14-663 (La.App. 3 Cir. 12/10/14), 153 So.3d 1276.

Bail is governed by Title VIII of the Louisiana Code of Criminal Procedure. "Bail is the security given by a person to assure his appearance before the proper court whenever required." La.Code Crim.P. art. 311. Louisiana recognizes several forms of bail, including bail with a commercial surety. La.Code Crim.P. art. 312(A)(1). As conditions of bail, the defendant must "appear at all stages of the proceeding[,] . . . submit himself to the orders and process of the court, and [may] not leave the state without written permission of the court." La.Code Crim.P. art. 326(A). Commercial sureties are required to be given certain notices of the defendant's appearance dates. La.Code Crim.P. art. 344.

When a defendant fails to appear, the State may seek a judgment of bond forfeiture. La.Code Crim.P. art. 349.2.

> For bonds that have a face value under fifty thousand dollars, a judgment forfeiting the appearance bond shall at any time, within one hundred eighty days after the date of mailing the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender of the defendant or the appearance of the defendant.

La.Code Crim.P. art. 349.8(A)(1)

> If during the period allowed for the surrender of the defendant, the defendant is found to be incarcerated in . . . a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
>
> (1) The defendant or his sureties file a motion within the period allowed for the surrender of the defendant. The motion shall be heard summarily.

3

(2) The sureties of the defendant provide the court adequate proof of incarceration of the defendant, or the officer originally charged with his detention verifies his incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the period allowed for the surrender of the defendant at the time the defendant or the surety files the motion, shall be deemed adequate proof of the incarceration of the defendant.

(3) The defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention prior to the defendant's return.

La.Code Crim.P. art. 345(D).

The State focuses its argument on La.Code Crim.P. art 345(D)(3), and maintains that the trial court may not adjudge the bond obligations satisfied without all three conditions having been met. In support thereof, it cites *State v. International Fidelity Insurance Co.*, 32,837, 32,838, (La.App. 2 Cir. 3/1/00), 756 So.2d 565. In that case, the surety secured the defendant's appearance in Ouachita Parish, but the defendant failed to appear, and therefore a judgment of bond forfeiture was entered. The defendant was later incarcerated in Union Parish, but was released on bond. Three weeks after the defendant had been released from Union Parish, the surety submitted a check to Ouachita Parish in the amount necessary to transport the defendant back to Ouachita Parish; however, the check was rejected because the defendant was no longer incarcerated. The surety moved to have the bond obligation deemed satisfied, and the trial court granted the motion. The appellate court reversed and found the surety's bond obligation had not been satisfied, stating:

At all pertinent times, La.C[ode] Cr[im].P. art. 345(D) provided that, if within six months after a bond forfeiture judgment has been entered, a defendant is found incarcerated, the judgment of bond forfeiture is deemed satisfied if the surety meets three conditions. First, the filing of summary proceedings; second, the submission of proof of

4

the defendant's incarceration; and third, that "defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention." This statute was amended in 1999 to add to the third requirement payment "**prior to the defendant's return.**" (Emphasis added). This 1999 amendment was remedial and for clarification of the obvious.

A plain reading of the statute shows that a surety must meet all three conditions before the surety's obligation is satisfied and released. The record shows that the surety did not tender payment of the cost of transportation until approximately three weeks after [the defendant] had been released. Thus, at the time the fax was sent and the motion filed, the surety had not satisfied La.C[ode] Cr[im].P. art. 345(D). Thereafter, when the cost was tendered, the second condition of article 345(D), that defendant be incarcerated, was not met. We find that the trial court erred in releasing the surety from its bond obligations. We therefore reverse the trial court's judgment and reinstate both bond forfeiture judgments against the surety.

*Id.* at 566.

In *City of Lafayette v. Tyler*, 153 So.3d at 1279, this court stated that:

We agree with the analysis of the compliance requirements of La.Code Crim.P. art. 345(D) as set forth in *State v. International Fidelity Insurance Co.*, 32,837, 32,838, pp. 2-3 (La.App. 2 Cir. 3/1/00), 756 So.2d 565, 566 . . . .

. . . .

The obvious purpose of compliance with La.Code Crim.P. art. 345(D) by the surety is to place the officer who was originally charged with the defendant's detention in a position to take immediate action to assure the defendant's return from the parish of his incarceration.

Similarly, in *State v. Ramee*, 05-748 (La.App. 5 Cir. 5/9/06), 930 So.2d 1092, the appellate court found that a bond obligation had not been satisfied when, after a bond forfeiture judgment had been entered, the defendant was subsequently incarcerated for two days in another jurisdiction and released, and the surety did not pay transportation costs contemplated by La.Code Crim.P. art. 345(D)(3). The appellate court found that the surety was "not entitled to relief because La.C[ode]

Cr[im].P. [art.] 345 is not applicable to these facts. The statute applies to circumstances in which a defendant who fails to make a court appearance cannot be surrendered by the surety because the defendant has been subsequently incarcerated *and is still in jail*." *Id.* at 1095 (emphasis added). "[Louisiana Code of Criminal Procedure article] 345 applies to a subsequent incarceration which bars the surety from bringing the defendant back to the officer originally in charge of the defendant." *Id.* at 1095, n.4.

In the instant matter, Fidelity/A-Abail had not satisfied La.Code Crim.P. art. 345(D)(3) at the time of filing its motion as it had not paid transportation costs. Even though the State had not sought extradition and the sheriff's Transportation Division had not ascertained, or informed Fidelity/A-Abail of, the amount of transportation costs, there is no indication in La.Code Crim.P. art. 345(D) that a surety's obligation to pay transportation costs is dependent on the State seeking extradition or notifying the surety of the amount of costs. Moreover, while Ms. Tabb was incarcerated at the time Fidelity/A-Abail's motions were filed, she was released on bond several hours later, and prior to any payment of transportation costs. Therefore, even if Fidelity/A-Abail had tendered transportation costs prior to the hearing on its motions, release from their bond obligations pursuant to La.Code Crim.P. art. 345(D) would not have been appropriate as Ms. Tabb was no longer incarcerated. Therefore, there was insufficient proof to release Fidelity/A-Abail from its bond obligations pursuant to La.Code Crim.P. art. 345(D).

Moreover, while La.Code Crim.P. art. 345(I) allows a judgment of bond forfeiture to be set aside "with proof satisfactory to the court that a fortuitous event has occurred and that the event has made it impossible [for the surety] to perform as required under the contract[,]" we do not find any such "fortuitous event" in this

matter.[1] A "fortuitous event" is statutorily defined as "one that, at the time the contract was made, could not have been reasonably foreseen by the surety." La.R.S. 15:83(C)(2). *See also State v. De La Rosa*, 43,696, 43,697 (La.App. 2 Cir. 10/22/08), 997 So.2d 165. We do not find that the State's failure to obtain an extradition warrant for Ms. Tabb after she refused to waive extradition, and prior to her release on bond, was unforeseeable, or otherwise a "fortuitous event" contemplated by La.Code Crim.P. art. 345(I).

## CONCLUSION

For the reasons set forth above, we reverse the judgment of the trial court and reinstate the bond forfeiture judgments in favor of the State. All costs of this appeal are assessed against Defendants-Appellees International Fidelity Insurance Company and A-Abail Bonding.

**REVERSED.**

---

[1] Similarly, La.R.S. 15:83 states that criminal bail bonds are contractual in nature, and that "[t]he surety, when entering into a criminal bail bond obligation, must consider the risks of his undertaking and assume those risks reasonably forseeable." La.R.S. 15:83(B). However, "[t]he surety is not liable for his failure to perform when it is caused by a fortuitous event that makes performance impossible. A surety is, however, liable for his failure to perform when he has assumed the risk of such a fortuitous event." La.R.S. 15:83(C)(1).

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-1129

**STATE OF LOUISIANA**

**VERSUS**

**VALERIE A. TABB**

**AKA VALERIE A. GILBERT**

**AKA VALERIE A. KORN**

**COOKS, J., dissenting.**

I respectfully dissent from the majority opinion reversing the judgment of the trial court and reinstating the bond judgment forfeitures. In this case, the majority accepts the State's argument that the trial court may not adjudge the bond obligations satisfied without all three conditions of La.Code Crim.P. art. 345 having been met. While it is clear the third requirement of that article (payment of transportation costs) was not met, the record is equally clear this requirement was not met because of the actions or inactions of the State and not due to any failures on the part of the surety.

The surety notes in the long-standing case of *Payne v. Lyons Cypress Lumber Co.,* 7 Orl.App. (La.App.Orleans 1910), the court stated "Defendant cannot avoid the burden of a contract when its own conduct prevented plaintiffs from carrying out his part of the undertaking, and when the latter was ready and willing to discharge his obligation." I am satisfied the record reflects the surety was prevented from paying the reasonable transportation costs of the defendant and meeting all the requirements of article 345 solely because of the policies and procedures of the Lafayette Parish Sheriff's Office and the inaction of the state actors.

In this case, a hold was placed by the Lafayette Parish Sheriff's Department on the defendant when she came under the custody of the state of Colorado on December 17, 2014. The surety agreed to pay extradition costs to bring Defendant back to Louisiana. The Lafayette Parish Sheriff's Department would not accept payment of the extradition costs until the Lafayette Parish District Attorney's Office agreed to extradite Defendant. The district attorney's office did not proceed with the necessary actions to extradite Defendant. The surety awaited word from the Sheriff or District Attorney as to the amount of transportation costs, but did not receive such. Thus, it was unable to pay the transportation costs as required by article 345 despite its fervent attempts to do so. The surety then moved to have the bond obligation deemed satisfied, which the trial court granted.

Courts have long held that bond forfeitures are not favored by law and the State must strictly comply with the statutory procedure in bond forfeiture actions in order to obtain a valid bond forfeiture. *State v. Hathaway*, 403 So.2d 737 (La.1981); *State v.* Turner, 04-1111 (La.App. 3 Cir. 12/8/04), 893 So.2d 900; *State v. Rice*, 36,401 (La.App. 2 Cir. 9/18/02), 827 So.2d 1180, *writ denied*, 02-2587 (La.12/13/02), 831 So.2d 989. As the surety notes, the purpose of the State's strict compliance with these provisions is to notify the sureties of the defendant's non appearance and to give the surety an opportunity to apprehend *and* surrender the defendant.

The State's inaction in this matter prevented the surety from meeting the three requirements imposed upon it by article 345. The defendant refused to waive extradition from Colorado. It was then incumbent upon the State to have an extradition warrant issued to secure defendant's release from custody in Colorado. The State did not do this. Clearly, the surety is not able to remove the defendant from custody in Colorado without the State doing its part. Thus, the surety was prevented from complying with the third requirement of article 345 (payment of

transportation costs) because of the inaction of the State. Thus, the trial court did not err in granting the Motion to Have Bond Obligation Deemed Satisfied. I would affirm the judgment.

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-1129

### STATE OF LOUISIANA

### VERSUS

### VALERIE A. TABB

### AKA VALERIE A. GILBERT

### AKA VALERIE A. KORN

**GREMILLION, Judge, dissents.**

I dissent from the opinion of the majority, largely in agreement with Judge Cooks' well-reasoned dissent.

The State focuses its argument on La.Code Crim.P. art 345(D)(3), and maintains that the trial court may not adjudge the bond obligation satisfied without all three conditions having been met. In support thereof, it cites *State v. Int'l Fid. Ins. Co.*, 32,837 (La.App. 3 Cir. 3/1/00), 756 So.2d 565. In that matter, the surety had bonded the defendant's appearance in district court in Ouachita Parish. The defendant failed to appear. He became incarcerated in Union Parish and was released from Union Parish into the custody of the West Monroe Police Department, who sought him in connection with pending charges in West Monroe City Court. The same surety who had bonded the defendant's appearance in district court then bonded the defendant and secured his release from the West Monroe City Jail. Later, that surety submitted a check to the Ouachita Parish Police Jury for the cost of having the defendant transported from Union Parish to Ouachita Parish, despite knowing that defendant was not incarcerated in Union

Parish. The police jury returned the check to the surety because the bond forfeiture judgment had not been satisfied. The surety filed a motion to have the obligation deemed satisfied, which was granted. The court of appeal reversed, holding that the surety must pay the transportation costs under La.Code Crim.P. art. 345(D)(3) before the defendant is released.

*State v. International Fidelity* is readily distinguished from the matter at bar. In *State v. International Fidelity*, the same surety that furnished the defendant's bond in Ouachita Parish furnished the bond that secured his release from West Monroe City Jail. That the defendant was no longer incarcerated in a different jurisdiction was not entirely within the surety's control. The other cases cited by the State, namely, *State v. Davila*, 01-418 (La.App. 1 Cir. 3/28/01), 814 So.2d 56, and *State v. Matteson*, 36,628 (La.App. 2 Cir. 12/11/02), 833 So.2d 1199, are also distinguished from the present case. All were decided before a quite substantive amendment of Article 345 effected in 2006 La. Acts No. 466, which added Subsections (I) and (J). I hasten to point out that so was *State v. Romee,* 05-748 (La.App. 3 Cir. 5/9/06), 930 So.2d 1092, cited by the majority. Subsection (I) provides:

> In addition to and notwithstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with proof satisfactory to the court that a fortuitous event has occurred and that the event has made it impossible to perform as required under the contract. A motion seeking relief pursuant to this Paragraph must be filed within three hundred sixty-six days from the date of the fortuitous event, excluding legal delays. The court in its discretion may do any of the following:
>
> (1) Set aside the forfeiture or grant the nullity.
>
> (2) Grant an extension of up to three hundred sixty-six days from the expiration of the initial time period allowed for the

surrender of the defendant from the date of the mailing of proper notice of bond forfeiture. If the court grants that extension, judicial interest shall be suspended during that additional time period.

(3) Deny the relief.

*City of Lafayette v. Tyler*, 14-663 (La.App. 3 Cir. 12/10/14), 153 So.3d 1276, is also easily distinguishable from the present matter. In *Tyler*, the defendant had been incarcerated and the surety failed to notify the officer who was originally charged with his detention. It was not the failure of the State to act, but the surety.

The payment of the reasonable costs by International Fidelity were dependent upon the State seeking extradition of Ms. Tabb from Colorado, and the State having failed to do so, it was impossible for those costs to be paid. As Judge Cooks plainly points out in her dissent, "[C]learly the surety is not able to remove the defendant from custody in Colorado without the State doing its part." The trial court was well within its discretion under Subsection (I) to set aside the judgment of bond forfeiture.

I agree with Judge Cooks and would affirm the judgment of the trial court.

3