# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-341

STATE OF LOUISIANA

VERSUS

JEFFERY DALE KADING, JR.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR-158601
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Marc T. Amy, Judges.

**AFFIRMED.**

Keith A. Stutes
District Attorney – 15th Judicial District
Emilia Salas Pardo
Assistant District Attorney – 15th Judicial District
P. O. Box 3306
Lafayette, LA 70502-3306
Telephone:  (337) 232-5170
COUNSEL FOR:
    Plaintiff/Appellee – State of Louisiana

Robert Leyton Odinet
Mahtook & LaFleur, LLC
P. O. Box 3089
Lafayette, LA 70502-3089
Telephone:  (337) 266-2189
COUNSEL FOR:
    Plaintiff/Appellee – State of Louisiana

**Aaron Adams**
**Assistant Public Defender**
**P. O. Box 3622**
**Lafayette, LA 70502**
**Telephone: (337) 232-9345**
**COUNSEL FOR:**
    **Defendant/Appellee – Jeffery Dale Kading, Jr.**

**Morris M. Haik, III**
**511 W St. Peters Street**
**New Iberia, LA 70560**
**Telephone: (337) 560-4357**
**COUNSEL FOR:**
    **Other Appellants - Accredited Surety & CasualtyCompany, Inc. and**
    **Mike Mullen L.L.C. dba Mike's Bail Bonding Service**

**THIBODEAUX, Chief Judge.**

In this bond forfeiture case, Mike Mullen L.L.C. D/B/A Mike's Bail Bonding Service (Agent) and Accredited Surety and Casualty Company, Inc. (Surety) appeal the trial court's judgment denying them relief on their motion to acknowledge surrender of the criminal defendant, Jeffery Dale Kading, Jr. Finding no error in the trial court's judgment under the applicable statutes, we affirm.

## I.

## ISSUES

We must decide whether the trial court erred in its application of the pertinent articles of the Louisiana Code of Criminal Procedure in denying the Agent and Surety's motion to surrender.

## II.

## FACTS AND PROCEDURAL HISTORY

A fugitive warrant was issued for Mr. Kading when he failed to appear for a criminal arraignment, and a Bond Forfeiture Judgment was ordered. The Bond Forfeiture Judgment was signed on January 5 and mailed on January 17, 2017. On January 25, 2017, the Agent paid the Sheriff's office $25 to list Mr. Kading on the National Crime Information Registry (NCIR). Mr. Kading was arrested in New Mexico on March 15, 2017. The Agent tried unsuccessfully to obtain an amount from the Sheriff for the transportation costs on having Mr. Kading returned to Lafayette. On March 21, 2017, Mr. Kading was released in New Mexico. When the Agent apprehended the defendant in

December of 2017, he surrendered Mr. Kading to the Sheriff in Lafayette. The Agent and Surety now want the judgment of bond forfeiture set aside.

III.

## STANDARD OF REVIEW

Questions of law, such as the proper interpretation of statutes, are reviewed by the appellate court under the de novo standard of review. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36 (citations omitted).

IV.

## LAW AND DISCUSSION

The Agent and Surety contend that the trial court erred in failing to find that it was the Sheriff's refusal to provide transportation costs that prevented the Agent and Surety's timely surrender of the defendant; and that this refusal created a *fortuitous event* that prevented them from getting the bond forfeiture set aside. We disagree.

Before its repeal, La.Code Crim.P. art. 349.8[1] provided the time frame allowed for a bond forfeiture to be set aside, calculated from the mailing of the notice of the signing of the judgment. The statute stated in pertinent part:

> A. (1) For bonds that have a face value under fifty thousand dollars, a judgment forfeiting the appearance bond shall at any time, within one hundred eighty days after the date of mailing the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender of the defendant or the appearance of the defendant. The

---

[1]The repeal of La.Code Crim.P. art. 349.8 was effective on January 1, 2017, but the Bond Forfeiture Judgment in this case was ordered prior to the repeal of the statute.

2

surrender of the defendant also relieves the surety of all obligations under the bond and the judgment.

(2) A judgment forfeiting the appearance bond rendered according to this Title shall at any time, within ten days of the one-hundred-eighty-day period provided to surrender the defendant, be satisfied by the payment of the amount of the bail obligation without incurring any interest, costs, or fees.

Here, the bail was $5,000.00. Thus, the Agent/Surety had 180 days from the mailing of the Bond Forfeiture Judgment on January 17, or until July 16, 2017, to surrender the defendant and have the judgment set aside. At the relevant time prior to its repeal, La.Code Crim.P. art. 345 (emphasis added) provided the procedure for the surrender of a defendant who had posted bond with a Surety, failed to appear for arraignment, and was subsequently incarcerated in a foreign jurisdiction:

A. *A surety may surrender the defendant* or the defendant may surrender himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or *within the time allowed by law for setting aside a judgment of forfeiture of the bail bond.* For the purpose of surrendering the defendant, the surety may arrest him. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. The officer shall retain and forward a copy of the certificate to the court. After compliance with the provisions of Paragraph F of this Article, the surety shall be fully and finally discharged and relieved, as provided for in Paragraphs C and D of this Article, of all obligations under the bond.

. . . .

D. *If during the period allowed for the surrender* of the defendant, *the defendant is found to be incarcerated in* another parish of the state of Louisiana or *a foreign jurisdiction*, the judgment of

3

bond forfeiture is deemed satisfied if *all* of the following conditions are met:

(1) The defendant or his sureties *file a motion within the period allowed* for the surrender of the defendant. The motion shall be heard summarily.

(2) The sureties of the defendant *provide the court adequate proof of incarceration* of the defendant, or the officer originally charged with his detention verifies his incarceration. *A letter of incarceration* issued pursuant to this Article verifying that the defendant was incarcerated within the period allowed for the surrender of the defendant *at the time the defendant or the surety files the motion*, shall be deemed adequate proof of the incarceration of the defendant.

(3) The defendant's *sureties pay* the officer originally charged with the defendant's detention, the *reasonable cost of returning the defendant* to the officer originally charged with the defendant's detention *prior to the defendant's return*.

*City of Lafayette v. Tyler*, 14-663 (La.App. 3 Cir. 12/10/14), 153 So.3d. 1276, held that all three conditions of La.Code Crim.P. art. 345(D)—filing of the motion, proof and verification of incarceration, and payment of transportation costs—must be met before the defendant is released for transport back to the original arresting officer. Citing *State v. International Fidelity Insurance Co.*, 32,837 (La.App. 2 Cir. 3/1/00), 756 So.2d 565, the third circuit emphasized the fact that La.Code Crim.P. art. 345(D)(3) was amended in 1999 to add the last five words, *prior to the defendant's return*. Thus, the cost must be paid while the defendant is still incarcerated in the foreign jurisdiction so that the original detaining officer can immediately act to regain custody. *Id.* We applied the same reasoning and emphasis in *State v. Tabb*, 15-1129 (La.App. 3 Cir. 8/3/16), 200 So.3d 841, *writ denied*, 16-1695 (La. 11/29/16), 210 So.3d 805.

4

In this case, the timeline reveals the following:

| | |
|---|---|
| 01/20/15 | Defendant's original arrest in Lafayette |
| 11/29/16 | Failure to appear for arraignment |
| 01/05/17 | Bond Forfeiture Judgment issued by court |
| *01/17/17* | *Notice of Judgment mailed* |
| 01/25/17 | Agent paid Sheriff $25.00 to list defendant on NCIR |
| *03/15/17* | *Defendant arrested in New Mexico* |
| 03/16/17 | Agent asked Sheriff daily for a week for transport cost |
| 03/20/17 | Agent offered proof of incarceration to Sheriff |
| *03/21/17* | *Defendant was released in New Mexico* |
| *08/18/17* | *Agent filed motion with the court* |
| *12/10/17* | *Agent apprehended and surrendered Defendant* |

A review of the above timeline indicates that, as to La.Code Crim.P. art. 345(D)(1), the Surety failed to file the requisite *motion with the court by July 16, 2017*, the time period allowed for surrender of the defendant. Here, the Surety did not file the motion with the court until August 18, 2017. Regarding La.Code Crim.P. art. 345(D)(2), the Surety failed to provide *the court* with a letter of incarceration or verification that the defendant was incarcerated within the 180-day period allowed for the surrender. Finally, regarding La.Code Crim.P. art. 345(D)(3), the Surety did not pay the transportation costs to have the defendant returned to Lafayette *before* the defendant was released. Thus, *none* of the criteria of La.Code Crim.P. art. 345(D) were satisfied in this case.

The Agent and Surety assert that it was the Sheriff's failure to provide the cost of transportation that prevented them from surrendering the defendant during the 180-day period. However, we stated in *Tabb* that "there is no indication in La.Code Crim.P. art. 345(D) that a surety's obligation to pay transportation costs is dependent on the State seeking extradition or notifying the surety of the amount of costs."

The trial court, after quoting La.Code Crim.P. art. 345(D) in its "Judgment on Motion to Acknowledge Surrender" stated (emphasis added):

> The *Surety failed to file a motion prior to July 16, 2017*, within the time period allowed for surrender of the defendant. *Mere notification to the Sheriff* of the Defendant's arrest in another jurisdiction *does not satisfy the requirements*. Had the Surety timely filed a Motion and complied with the requirement of furnishing the Court with adequate proof of incarceration and paid reasonable transportation costs (which could have been set by the Court), a proper surrender would have been made.

We find no error in the trial court's application of La.Code Crim.P. art. 345(D).

As to the issue of a "fortuitous event," La.Code Crim.P. art. 345(I) provides:[2]

> In addition to and notwithstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by *filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with proof satisfactory to the court that a fortuitous event has occurred and that the event has made it impossible to perform as required under the contract.* A motion seeking relief pursuant to this Paragraph must be filed within three hundred sixty-six days from the date of the fortuitous event, excluding legal delays. The court in its discretion may do any of the following:

> (1) Set aside the forfeiture or grant the nullity.

> (2) Grant an extension of up to three hundred sixty-six days from the expiration of the initial time period allowed for the surrender of the defendant from

---

[2]"A surety is, however, liable for his failure to perform when he has assumed the risk of such a fortuitous event." La.R.S. 15:83(C)(1). Fortuitous events that warrant setting aside bail bond forfeitures include the declaration of a disaster which qualifies for federal emergency relief and assistance. *State v. De La Rosa*, 43,696, 43,697 (La.App. 2 Cir. 10/22/08), 997 So.2d 165.

the date of the mailing of proper notice of bond forfeiture. If the court grants that extension, judicial interest shall be suspended during that additional time period.

(3) Deny the relief.

In *Tabb*, 200 So.3d at 845 (emphasis added), we stated:

Moreover, while La.Code Crim.P. art. 345(I) allows a judgment of bond forfeiture to be set aside "with *proof satisfactory to the court* that a fortuitous event has occurred and that the event has made it impossible [for the surety] to perform as required under the contract[,]" we do not find any such "fortuitous event" in this matter. A "fortuitous event" is statutorily defined as "one that, at the time the contract was made, could not have been reasonably foreseen by the surety." La.R.S. 15:83(C)(2). *See also State v. De La Rosa,* 43,696, 43,697 (La.App. 2 Cir. 10/22/08), 997 So.2d 165. We do not find that the State's failure to obtain an extradition warrant for Ms. Tabb after she refused to waive extradition, and prior to her release on bond, was unforeseeable, or otherwise a "fortuitous event" contemplated by La.Code Crim.P. art. 345(I).

While not exclusive, fortuitous events that warrant setting aside bail bond forfeitures generally include the declaration of a disaster which qualifies for federal emergency relief and assistance. *De La Rosa,* 997 So.2d 165. But a surety still must present evidence explaining how the disaster made it impossible to perform as required under the contract. *See State v. Hepworth*, 17-1061 (La.App. 1 Cir. 4/18/18), 2018 WL 1870157 (no proof explaining how flooding prevented performance). Here, the trial court did not directly address the issue in its judgment, which indicates that the trial court rejected the argument. However, the trial court did clearly state that a trial court itself could have supplied the reasonable transportation costs, had the motion been timely filed. Moreover, as stated in *Tabb*, the statutes do not require that the

cost of reasonable transportation must be provided by the State. Under the facts of this case, we find that the Sheriff's failure to provide transportation costs is not a "fortuitous event" as contemplated by the applicable statutes discussed above.

V.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed. The costs of this appeal are assessed to Mike Mullen L.L.C. D/B/A Mike's Bail Bonding Service and Accredited Surety and Casualty Company, Inc.

**AFFIRMED.**