NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**20-130**

**STATE OF LOUISIANA**

**VERSUS**

**BRANDON DESCHUNE DAVIS**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 328,225
HONORABLE GREG BEARD, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

**AFFIRMED.**

**Thomas O. Wells**
**Attorney at Law**
**P. O. Box 13438**
**Alexandria, LA 71315**
**(318) 445-4500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Jon S. McGill**
**Donald Dorenkamp II**
**The Law Offices of Jon S. McGill, LLC**
**235 Derbigny Street, Ste. 100**
**Gretna, LA 70053**
**(504) 208-5551**
**COUNSEL FOR THIRD PARTY APPELLANT:**
    **Financial Casualty & Surety, Inc.**

**Jonas Nash**
**620 Murray St**
**Alexandria, LA 71301**
**(504) 708-5668**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Brandon Deschune Davis**

**SAUNDERS, Judge.**

In this matter we must decide whether the trial court properly denied the Motion to Set Aside the Judgment of Bond Forfeiture filed by Financial Casualty & Surety Inc.

## FACTS AND PROCEDURAL HISTORY:

Financial Casualty & Surety, Inc. (the Surety) posted bond in the amount of $75,000 for Brandon Davis through its agent, Midtown Bail Bonds, on December 22, 2015. Mr. Davis failed to appear for trial on November 14, 2016. The trial court ordered that a bench warrant be issued and issued a judgment of bond forfeiture. On April 10, 2017, Ms. Danya King, an agent for the Surety, paid the Rapides Sheriff's Office a $25 fee to have Mr. Davis entered into the National Crime Information Center (NCIC). Mr. Davis was arrested in Houston, Texas, on May 17, 2017, and signed a Waiver of Formal Extradition Proceedings. The Surety attempted to obtain the amount for extradition costs from Rapides Sheriff's Office, but was unsuccessful. On June 2, 2017, Mr. Davis was released, and the fugitive charges were dismissed. On June 29, 2017, the Surety attempted to tender an estimated amount for the extradition costs to Rapides Sheriff's Office. On July 7, 2017, the tender was returned.

The Surety filed a Motion to Set Aside the Judgment of Bond Forfeiture on January 18, 2018. After continuances, the hearing was set for July 9, 2019. The trial court denied the Motion to Set Aside the Judgment of Bond Forfeiture and issued its written reasons for judgment on July 30, 2019. The Surety now appeals.

## ASSIGNMENTS OF ERROR:

**[1].** The Trial Court abused its discretion in its factual analysis relating to La.Code Crim.P. art 345. The inaction or irrational acts of State Actors prevented the Surety from being able to perfect the elements of [La.Code Crim.P. art.] 345(D).

**[2].** The Trial Court erred in determining that the actions or inactions of State Actors did not constitute a fortuitous event under La.Code Crim.P. art 345(I) and La.R.S. 15:83.

## STANDARD OF REVIEW:

Questions of law, such as the interpretation of statutes, are reviewed by the appellate court under a de novo standard of review and underlying facts are reviewed on an abuse of discretion standard. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36 (*citations omitted*); *State v. Anderson*, 06-1031 (La. App. 4 Cir. 1/17/07), 949 So.2d 544, *writ denied*, 07-468 (La. 10/12/07), 965 So.2d 399.

## ASSIGNMENT OF ERROR NUMBER ONE:

In the first assignment of error, the Surety contends that the trial court abused its discretion in its factual analysis of La.Code Crim.P. art. 345(D) and that the State's inaction prevented the Surety from being able to perfect the elements of La.Code Crim.P. 345(D). We find no merit to either arguement.

Before its repeal, and pertinent to this case, La.Code Crim.P. art. 345[1] laid out the procedure for the surrender of a defendant who posted bond with a surety, failed to appear, and was subsequently incarcerated in a foreign jurisdiction.

> A. *A surety may surrender the defendant* or the defendant may surrender himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or *within the time allowed by law for setting aside a judgment of forfeiture of the bail bond*. For the purpose of surrendering the defendant, the surety may arrest him. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. The officer shall retain and forward a copy of the certificate to the court. After compliance with the provisions of Paragraph F of this Article, the surety shall be fully and finally discharged and relieved, as provided for in Paragraphs C and D of this Article, of all obligations under the bond.
>
> . . . .

---

[1] The repeal of La.Code Crim.P. art. 345 was effective on January 1, 2017, but the judgment of bond forfeiture in this case was ordered prior to the repeal of the statute.

2

D. *If during the period allowed for the surrender of the defendant, the defendant is found to be incarcerated in* another parish of the state of Louisiana or *a foreign jurisdiction*, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:

(1) The defendant or his sureties *file a motion within the period allowed for the surrender of the defendant*. The motion shall be heard summarily.

(2) The sureties of the defendant *provide the court adequate proof of incarceration of the defendant*, or the officer originally charged with his detention verifies his incarceration. *A letter of incarceration* issued pursuant to this Article verifying that the defendant was incarcerated within the period allowed for the surrender of the defendant *at the time the defendant or the surety files the motion*, shall be deemed adequate proof of the incarceration of the defendant.

(3) The defendant's sureties pay the officer originally charged with the defendant's detention, the *reasonable cost of returning the defendant* to the officer originally charged with the defendant's detention *prior to the defendant's return.*

La.Code Crim.P. art. 345 (emphasis added).

This assignment of error contains two arguments. The first argument is that the trial court abused its discretion in its factual analysis of La.Code Crim.P. art. 345(D). The second argument is that the State's inaction prevented the Surety from being able to perfect the elements of La.Code Crim.P. art. 345(D).

As to the Surety's first argument, we find that the trial court did not abuse its discretion by weighing the elements of La.Code Crim.P. art. 345(D). The Surety argued to the trial court that the actions of the State were a "fortuitous event" and under La.R.S. 15:83 it was not liable to perform if impossible. To determine whether a "fortuitous event" occurred that would allow the Judgement of Bond Forfeiture to be set aside, it is necessary for a court to determine whether it was impossible for the Surety to fulfill the elements of La.Code Crim.P. art. 345(D). This requires the trial court to consider the elements of La.Code Crim.P. art. 345(D).

The Surety's second argument, that the State has an obligation to provide transportation costs and failed to fulfill their obligation, also has no merit as it is

3

clear that the State has no such obligation. This court has previously stated, "there is no indication in La.Code Crim.P. art. 345(D) that a surety's obligation to pay transportation costs is dependent on the State seeking extradition or notifying the surety of the amount of costs." *See State v. Tabb*, 15-1129, p. 6 (La.App. 3 Cir. 8/3/16), 200 So.3d 841, 845, *writ denied*, 16-1695 (La. 11/29/16), 210 So.3d 805. Further, even though the State did not provide extradition costs, the Surety was not prevented from perfecting the elements of La.Code Crim.P. art 345(D). As was true in *State v. Kading*, 18-341, p. 6 (La.App. 3 Cir. 12/12/18), 260 So.3d 698, 702, "[h]ad the Surety timely filed a Motion and complied with the requirement of furnishing the Court with adequate proof of incarceration and paid reasonable transportation costs (which could have been set by the Court), a proper surrender would have been made." Accordingly, we find no merit to this assignment of error.

**ASSIGNMENT OF ERROR NUMBER TWO:**

The Surety next argues that the trial court erred in determining that the actions or inactions of State actors did not constitute a fortuitous event under La.Code Crim.P. art. 345(I) and La.R.S. 15:83. We find no merit in this assignment of error.

Louisiana Revised Statute 15:83(c)(1) states that a "surety is not liable for his failure to perform when it is caused by a fortuitous event that makes performance impossible." Louisiana Code of Criminal Procedure Article 345(I) (emphasis added) laid out the procedure for setting aside a bond forfeiture due to a fortuitous event that made performance by the surety impossible:

> In addition to and notwithstanding any other provision of law, a surety may seek an extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with *proof satisfactory to the court that a fortuitous event has occurred and that the event has made it impossible to perform as required under the contract.* A motion seeking relief pursuant to this Paragraph must be filed within three hundred sixty-six days from the

4

date of the fortuitous event, excluding legal delays. The court in its discretion may do any of the following:

(1) Set aside the forfeiture or grant the nullity.

(2) Grant an extension of up to three hundred sixty-six days from the expiration of the initial time period allowed for the surrender of the defendant from the date of the mailing of proper notice of bond forfeiture. If the court grants that extension, judicial interest shall be suspended during that additional time period.

(3) Deny the relief.

As explained in the previous section, the trial court could have set the transportation costs had the Surety filed a timely motion. Therefore, we find that performance by the Surety was not impossible.

As to the Surety's argument that the failure of the State to provide transportation costs constituted a fortuitous event, as was stated in *Tabb*, 200 So.3d at 845 (emphasis added):

> Moreover, while La.Code Crim.P. art. 345(I) allows a judgment of bond forfeiture to be set aside "with proof satisfactory to the court that a fortuitous event has occurred and that the event has made it impossible [for the surety] to perform as required under the contract[,]" we do not find any such "fortuitous event" in this matter. A "*fortuitous event*" is statutorily defined as "*one that, at the time the contract was made, could not have been reasonably foreseen by the surety*." La.R.S. 15:83(C)(2). *See also State v. De La Rosa*, 43,696, 43,697 (La.App. 2 Cir. 10/22/08), 997 So.2d 165. We do not find that the State's failure to obtain an extradition warrant for Ms. Tabb after she refused to waive extradition, and prior to her release on bond, was unforeseeable, or otherwise a "fortuitous event" contemplated by La.Code Crim.P. art. 345(I).

The risk that a defendant will flee the jurisdiction of the court and fail to appear is a foreseeable risk in a bail bond obligation. *State v. De La Rosa*, 43,696 (La.App. 2 Cir. 10/22/08), 997 So.2d 165. As explained above, as well as in *Tabb*, 200 So.3d 841, and *Kading*, 260 So.3d 698, La.Code Crim.P. art. 345 does not require the State to provide reasonable transportation costs when requested by a surety. In *Kading*, we held that the State's failure to provide the transportation costs

was not a fortuitous event. *Id*. Under the facts at hand, we find no error in the trail court's ruling that the State's failure to provide transportation costs does not constitute a fortuitous event as contemplated by La.Code Crim.P. art. 345(I).

## CONCLUSION:

For the reasons stated above, we affirm the judgment of the trial court denying the Motion to Set Aside the Bond Forfeiture filed by Financial Casualty & Surety Inc. Costs in this court are assessed to Financial Casualty & Surety Inc.

**AFFIRMED.**