J^GONZALES, J.
The State is appealing the judgment of the trial court setting aside a bond forfeiture in a criminal case.
On December 17, 1999, Ms. Rosario Da-vila was arrested in East Baton Rouge Parish on a charge of misdemeanor theft of goods. Through its agent, AA Bail Bonding, the Savant Insurance Company posted a bond on her behalf in the amount of $2,500.00. The State subsequently charged Ms. Davila with a single count of misdemeanor theft in violation of La. R.S. 14:67.
Both Ms. Davila and Savant Insurance Company received notice of the arraignment date of July 11, 2000. However, on that date, Ms. Davila failed to appear in court. Accordingly, on motion of the State, the trial court rendered judgment in favor of the State, forfeiting the full amount of the bond obligation and issuing a bench warrant for Ms. Davila.
While free on bond, Ms. Davila was arrested by the United States Marshals Service and held in Texas on a charge of possession with intent to distribute controlled substances. The East Baton Rouge Parish Sheriffs Office notified Savant Insurance Company through its attorney, Mr. Benn Hamilton, of Ms. Davila’s whereabouts and the estimated cost of transporting her from Texas to the East Baton Rouge Parish Prison.
On October 24, 2000, Savant Insurance Company, through Mr. Hamilton, filed a motion for release from the bond obligation, based on Ms. Davila’s incarceration in federal prison in Texas and the fact that it could not surrender her due to a detain-er placed upon her by the United States Marshal.
The trial court conducted a hearing on the motion on December 6, 2000, and a discussion ensued as to the requirements of La.C.Cr. P. art. 345(D) for the surrender of a defendant. That article provides in part:
D. If during the six-month period allowed for the surrender of the defen *58 dant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
| a(l) The defendant or his sureties file a motion in summary proceeding within the six-month period.
(2) The defendant’s sureties produce to the court adequate proof of defendant’s incarceration, or the officer originally charged with defendant’s detention verifies the defendant’s incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the six-month period at the time the defendant or the surety files the motion, shall be deemed adequate proof of the defendant’s incarceration.
(8) The defendant’s sureties pay the officer originally charged with the defendant’s detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant’s detention prior to the defendant’s return.
The following colloquy took place at the hearing:
THE COURT: It doesn’t say to “set aside”, [it] says it’s “satisfied” if all these conditions are met.
MR. STOCKSTILL: And his obligation on the bond would end, correct.
THE COURT: No. The judgment against him would be granted, that’s what it is saying.
MR. STOCKSTILL: I think what it refers to is he owes a debt as a bond forfeiture. He can satisfy it, in other words, make full payment on it, by either paying the face-amount or having all of these conditions be met. Finding the defendant in another jurisdiction, having proof of that and tendering the costs to return that person to the jurisdiction with [sic] inside the six months, then his bond obligation would no longer exist. That debt on the bond forfeiture would be satisfied. So he can either pay or lose the two thousand five hundred or he can write the sheriffs office a check for that eight thousand four hundred forty-five ($8,445.00) dollars, makes no difference to me.
MR. HAMILTON: Judge, he could only satisfy it if the person were available to be transported back.
THE COURT: All right.
MR. HAMILTON: If you’ll read in the letter, the sheriffs office states clearly that the marshalls are not going to release her. So the eight thousand dollars would be to bring her back. If she can’t be brought back, the surety can’t do the impossible.
MR. STOCKSTILL: We routinely bring people back from federal custody.
THE COURT: It says here they’re not.
MR. STOCKSTILL: Well, they say that all the time unless you send the five-point letter, which your honor knows, your honor signs them all the time and we bring in people all the time from federal custody.
THE COURT: That’s you doing it, that’s not the surety company doing it.
MR. STOCKSTILL: That’s correct. It then becomes our obligation, once he pays the sheriff’s office, to approve the extradition and then we do the paperwork and extradite the person back, that’s how it works. They will not extradite just because the surety says. They always come to the district attorney’s office in determining if we will approve extradition, which as soon as he pays eight thousand four hundred forty-five ($8,445.00) dollars, I will approve it.
*59 |4MR. HAMILTON: Judge, I think there’s a simpler way of disposal. I did not think that the district attorney’s office was going to be so intransigent about this. How about if we waive the defendant’s presence, plead her guilty to this charge, ask the court to give her concurrent time? I think that will satisfy-
THE COURT: What’s she charged with here?
CLERK: Misdemeanor theft.
THE COURT: All right.
MR. HAMILTON: Thank you, judge.
THE COURT: You’re welcome.
CLERK: Judge, your sentence is?
THE COURT: That she be sentenced to six months in the parish prison, concurrent with any other time that she’s serving.
CLERK: Thank you.
MR. HAMILTON: Judge, can we make sure that the bond forfeiture is vacated?
MR. STOCKSTILL: I don’t think that technically sets it aside. I don’t think there’s any provision that allows that to happen.
THE COURT: Well, I’m going to do it. Y’all can take me up.
MR. STOCKSTILL: I will. Note— Mr. Brooks will, actually. Note the State’s objection to the plea without the defendant being present, as well—
THE COURT: You don’t have any standing in that. That’s my decision to make and I decided that he could waive her presence.
MR. STOCKSTILL: Maybe, maybe not, certainly it’s an issue that can be appealed.
THE COURT: On what grounds?
MR. STOCKSTILL: Well, I think the last week, with everything occurring in Florida, would indicate that anything you—
THE COURT: Don’t get smart about Florida.
MR. STOCKSTILL: Well, I’m just telling you.
THE COURT: It’s my decision as to whether — you show me in that code somewhere where it says it’s not my decision to decide whether or not the defendant’s presence can be waived and the State has some standing in that issue, show it to me.
MR. STOCKSTILL: So will you stay everything until I find that?
THE COURT: No.
MR. STOCKSTILL: I mean, obviously, I’m in the middle of court, I don’t really have time to look for that particular issue right now. I still request the right to appeal that. We’ll take a writ on it, as well as your decision setting aside the bond forfeiture, ask for a return date and ask for a transcript of the proceedings.
THE COURT: Granted.
As shown above, the State objected to the court’s action of recalling the bench warrant and setting aside the bond forfeiture judgment.[2] The trial court signed a | ¿judgment setting aside the bond forfeiture on September 5, 2001. Thereafter, the State took an appeal from that judgment and makes the following assignment of error:
With no legal basis for the decision, the trial court erred when it granted Savant’s motion, set aside the properly issued judgment of bond forfeiture and released the surety from its bond obligations.
*60 The sole issue on appeal is whether the bond forfeiture was validly rendered. There is no evidence in the record that Mr. Hamilton, the attorney for the bonding company, had the authority to represent the defendant, Ms. Davila. However, this is a civil appeal, and this court does not have before it any attack on the validity of Ms. Davila’s plea and conviction.
A plain reading of the statute shows that a surety must meet all three conditions before the surety’s obligation is satisfied and released. State v. International Fidelity Insurance Company, 82-837, 32-838 (La.App. 3 Cir. 3/1/00), 756 So.2d 565, 566. First, the filing of summary proceedings; second, the submission of proof of the defendant’s incarceration; and third, that “defendant’s sureties pay the officer originally charged with the defendant’s detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant’s detention.” State v. International, 756 So.2d at 566.
The State asserts that:
In the instant case, Savant failed to meet the third requirement under this article. No money was paid to the East Baton Rouge Sheriffs Office for the costs of transporting Davila from Texas to Louisiana. Thus, the trial court could not find that Savant’s obligations were satisfied. Savant was not entitled to be released on the bond until such time as the costs were paid. But Savant declined to pay the transportation costs and instead chose to plead Davila guilty.
Nowhere in the criminal code is there a provision allowing a surety to relieve itself of a bond obligation because of an inability to surrender the defendant. There is no such provision, obviously, as every commercial surety liable on a bond obligation would claim that surrender is impossible and that they be released from their obligations. Moreover, the basic concept of the bail obligation is to make certain that a defendant appears in court with the surety paying a financial penalty where the appearance cannot be compelled. Pleading the defendant guilty in abstentia is not a viable means for a surety to escape its contractual obligations.
The State is correct in its assertion that the trial court’s decision does not comport with law. Clearly, Savant Insurance Company failed to meet the requirements of LajC.Cr.P.fi art. 345(D) by not paying the costs of returning the defendant. The trial court decision resulted in the surety completely escaping responsibility for its obligations while Ms. Davila received a criminal conviction and jail sentence. Savant Insurance Company should have been held liable on the bond.
Therefore, for the foregoing reasons, judgment is hereby RENDERED that the judgment which vacated the bond forfeiture is VACATED, the original judgment which forfeited the bond is REINSTATED, and the matter is REMANDED to the trial court to carry out the forfeiture in accordance with the law. Costs are assessed against the defendant, Ms. Davila.

. There was also an objection by the assistant district attorney to the plea made without the defendant being present. The trial court clearly has discretion to allow counsel to waive the presence of his client. The record contains no evidence to show that Mr. Hamilton was counsel for Ms. Davila or had any authority to enter a plea on her behalf.