GUIDRY, J.
*805 American Surety Company appeals from a judgment of the trial court denying its motion for release from bond obligation. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Defendant, Michael Hepworth, was arrested on November 5, 2015, for aggravated arson, aggravated criminal damage to property, theft, and resisting an officer. His bail was set in the amount of $27,500. On November 12, 2015, A American Bail Bonds of Louisiana executed a bond on behalf of the defendant, backed by commercial surety, American Surety Company (American Surety).
Thereafter, the defendant was charged by bill of information with aggravated criminal damage to property in violation of La. R.S. 14:55. The matter was set for arraignment on June 14, 2016, and notice was sent to American Surety; however, the defendant failed to appear in court for arraignment. The trial court ordered that a bench warrant be issued for the arrest of the defendant and rendered judgment in favor of the State of Louisiana and against the defendant and American Surety, jointly and in solido, in the full amount of the bond. The court further ordered that the notice of the entry of the forfeiture be sent to the defendant and to American Surety. The trial court signed a bond forfeiture judgment on June 15, 2016.
On October 7, 2016, American Surety filed a motion for release from bond obligation, asserting that on August 11, 2016, the defendant was arrested and incarcerated in Davenport, Scott County, Iowa, and that the East Baton Rouge Parish Sheriff's Office was notified but failed to transport the defendant and he was released from custody. Therefore, American Surety asserted that it was entitled to be released from its bond obligation.
A hearing on American Surety's motion was set for November 17, 2016. After several continuances, the matter was finally heard on April 5, 2017, at which time the trial court denied the motion. The trial court signed a judgment in conformity with its ruling on May 16, 2017, and American Surety now appeals from this judgment.
DISCUSSION
Louisiana Code of Criminal Procedure article 345(D), which was in effect at the time American Surety filed its motion for release from bond obligation, provided:[1]
If during the period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
(1) The defendant or his sureties file a motion within the period allowed for the *806 surrender of the defendant. The motion shall be heard summarily.
(2) The sureties of the defendant provide the court adequate proof of incarceration of the defendant, or the officer originally charged with his detention verifies his incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the period allowed for the surrender of the defendant at the time the defendant or the surety files the motion, shall be deemed adequate proof of the incarceration of the defendant.
(3) The defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention prior to the defendant's return.
A plain reading of the statute shows that a surety must meet all three conditions before the surety's obligation is satisfied and released. State v. Davila, 01-0418, p. (La. App. 1st Cir. 3/28/02), 814 So.2d 56, 60. In the instant case, American Surety filed a motion within the period allowed for surrender of the defendant and submitted proof of the defendant's incarceration, although at the time the motion was filed, American Surety acknowledged that the defendant had been released from custody. However, American Surety failed to pay ''the reasonable cost of returning the defendant." As such, American Surety failed to meet the requirements of La. C.Cr.P. art. 345(D) so as to prove entitlement to release from its bond obligation.
Furthermore, we find no merit to American Surety's argument that the trial court erred in failing to find that the flooding in East Baton Rouge Parish in 2016 constituted a fortuitous event under La. C.Cr.P. art. 345(1). At the time American Surety filed its motion, La. C.Cr.P. art. 345(1) allowed a judgment of bond forfeiture to be set aside "with proof satisfactory to the court that a fortuitous event has occurred and that the event has made it impossible [for the surety] to perform as required under the contract." American Surety's motion did not raise the issue of a fortuitous event, nor did it make any reference to the flooding of 2016. Furthermore, while counsel for American Surety referenced the flooding during the hearing on its motion, it did not present any evidence that the flooding "made it impossible to perform as required under the contract." See La. C.Cr.P. art. 345(1).
Therefore, after a thorough review of the record, we find no error in the trial court's judgment denying American Surety's motion for release from bond obligation.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to American Surety Company.
AFFIRMED.

Louisiana Code of Criminal Procedure article 345 was repealed by 2016 La. Acts No. 613, § 4 effective January 1, 2017, and replaced with La. C.Cr.P. art. 331. The substance of La. C.Cr.P. art. 331(D), in conjunction with La. C.Cr.P. art. 311(4) defining constructive surrender, retains the requirement that the surety must pay the officer the reasonable costs of returning the defendant to the jurisdiction where the arrest warrant was issued. Because the issue on appeal involves whether American Surety was required to comply with this particular requirement in seeking release from its bond obligation, we do not address whether La. C.Cr.P. art. 331 should be applied retroactively to this matter, as this requirement is the same under both articles.