| STATE OF LOUISIANA | * | NO. 2019-KA-0251 |
| --- | --- | --- |
| VERSUS | * | |
| | | COURT OF APPEAL |
| COREY DENSON (FINANCIAL | * | |
| CASUALTY & SURETY, INC.) | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
| --- | --- |
| STATE OF LOUISIANA | NO. 2019-KA-0252 |
| VERSUS | |
| WILFRED CELESTINE &  KENDALL CELESTINE | |

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 13-10704, DIVISION "D"
Honorable Kirk A. Vaughn, Judge
\* \* \* \* \* \*
**JAMES F. MCKAY III**
**CHIEF JUDGE**
\* \* \* \* \* \*
(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Dale N. Atkins)

**LOVE, J., CONCURS IN PART AND DISSENTS IN PART AND ASSIGNS REASONS**

**ATKINS, J., CONCURS**

PERRY M. NICOSIA
DISTRICT ATTORNEY ST. BERNARD PARISH
DAVID C. JARRELL
OFFICE OF THE DISTRICT ATTORNEY
1101 W. St. Bernard Highway
Chalmette, Louisiana 70043
    COUNSEL FOR STATE/APPELLANT

MICHAEL D. SINGLETARY
SINGLETARY & ASSOCIATES, APLC
600 Congress Avenue, 14th Floor
Austin, Texas 78701
    COUNSEL FOR FINANCIAL CASUALTY & SURETY, INC./
    APPELLANT-APPELLEE


**AFFIRMED IN PART; REVERSED IN PART AND REMANDED**


**JUNE 3, 2020**

In this consolidated appeal, the defendants, Corey Denson ("Denson"), Wilfred Celestine, ("Celestine"), and their surety, Financial Casualty & Surety, Inc., appeal the district court's December 28, 2018 judgments and orders relevant to surety bond obligations. In regards to Corey Denson, we affirm the district court's judgment granting the State's Exception of Prescription and denying Financial Casualty & Surety's Motion to Set Aside Bond Forfeiture. In regards to Wilfred Celestine, we reverse the district court's judgment denying the State's Exception of Prescription and granting Financial Casualty & Surety's Motion to Set Aside Bond Forfeiture. For the following reasons, we affirm in part, reverse in part and remand to the district court for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

This consolidated appeal involves the application of La. C.Cr.P. art. 345 (D)[1] in *State of Louisiana v. Corey Denson* (*Financial Casualty & Surety, Inc.*) and *State of Louisiana v. Wilfred Celestine* (*Financial Casualty & Surety Inc.*). As the matters result in different outcomes and have convoluted procedural and factual histories, for clarity, we will address the merits of the cases separately.

**COREY DENSON**

---

[1] La. C.Cr.P. art. 345 was in effect at the time relevant to this appeal. La. C.Cr.P. art. 345 was repealed by 2016 La. Act No. 613, §4, effective January 1, 2017. However, at all-times relevant to this appeal, these provisions were in effect and applicable.

The relevant facts and procedural history relevant to Corey Denson are as follows:

On December 12, 2013, Denson was charged in the Thirty-Fourth Judicial District Court in the Parish of St. Bernard Parish by bill of information with a violation of La. R.S. 14:62, Simple Burglary in Case No. 13-10704. Denson secured two commercial surety bonds with Financial Casualty & Surety, Inc. ("Financial") for the sum of $50,000. Financial posted the bonds under power of attorney numbers FCS25-1242674 and FCS25-1242673, to secure Denson's appearance on the underlying charges.[2] On February 3, 2015, Denson failed to appear for a court hearing; the State moved for a bond forfeiture. The district court issued a bench warrant for Denson and executed a Judgment of Bond Forfeiture against Financial for the $50,000.

On March 4, 2015, the Clerk of Court issued a Notice of Signing of Judgment related to the February 3, 2015 Judgment of Bond Forfeiture, which reflected that the Notice of Judgment of Bond Forfeiture was mailed to Denson and Financial *via* U.S. Certified Mail, in accordance with La. C.Cr.P. art. 332[3] and La. R.S. 15:85[4].

On April 27, 2015, Financial filed an *ex parte* Motion to Set Aside Bond Forfeiture pursuant to La. C.Cr.P. art. 345(D) based upon Denson's incarceration in another parish, St. Tammany. At that time, Financial failed to tender the requisite transportation cost to the Sheriff of St. Bernard Parish, which is statutorily mandated by La. C.Cr.P. art. 345(D). Financial attached to its motion a

---

[2] Bail is governed by Title VII of the Louisiana Code of Criminal Procedure. "Bail is the security given by a person to assure his appearance before the proper whenever required."
[3] La. C.Cr.P. art. 332: Court order for arrest of defendant.
[4] La. R.S. 15:85: Failure to satisfy judgment of bond forfeiture.

2

Letter of Verification of Incarceration from St. Tammany Parish verifying that Denson was booked on January 29, 2015, and incarcerated; no release date was noted. On April 28, 2015, the district court signed an *ex parte* order granting Financial's Motion to Set Aside Bond forfeiture and the relief requested.

On May 5, 2016, the State discovered that the district court had signed the order granting Financial's *ex parte* Motion to Set Aside Bond Forfeiture Judgment. On May 16, 2016, the State filed a Petition and Order for a Writ of *Habeas Corpus ad Prosequendum* to have Denson transported from St. Tammany Parish to St. Bernard Parish. On May 17, 2016, the State filed a Petition to Annul Judgment Setting Aside Bond Forfeiture. On August 4, 2017, the State filed a Motion for New Trial seeking a reversal of the district court's April 28, 2015 judgment granting of Financial's Motion to Set Aside Bond Forfeiture. The State essentially premised its motion on Financial's failure to pay the requisite transportation cost pursuant to La. C.Cr.P. art. 345(D) and La. C.C.P. art. 1913, as the State was not served with the requisite Notice of Judgment. On September 7, 2018, the district court issued a judgment annulling the April 28, 2015 judgment that had granted Financial relief under La. C.Cr.P. art 345(D).

On September 26, 2018, the State filed a Rule to Show Cause under La. R.S. 15:85 to enjoin Financial from issuing bonds in the Parish of St. Bernard due to its failure to pay the October 26, 2015 Judgment of Bond Forfeiture. The district court set the matter for hearing on November 16, 2018.

On November 8, 2018, Financial filed a Motion to Set the Motion to Set Aside Bond Forfeiture previously filed on April 27, 2015, for hearing and filed a Supplemental Motion to Set Aside. On November 14, 2018, the State filed an Exception of Prescription. On November 16, 2018, the district court consolidated

3

Denson 13-10704 and Celestine 15-05189 and heard the merits of Financial's motions as well as the State's Exception of Prescription and Rule to Show Cause pursuant to La. R.S. 15:85. On December 28, 2018, the district court, after taking the matter under advisement, issued an order granting the State's motions in the Denson case. The order stated, "the court recognizes that the previous judgment herein in favor of the State of Louisiana against Financial Surety & Casualty Company in the amount of **FIFTY THOUSAND and 00/100 ($50,000) DOLLARS** together with legal interest from the date of the original judgment of bond forfeiture, all as previously ordered herein on March 4, 2015." On December 29, 2018, the court mailed a Notice of Judgment to the parties. On January 7, 2019, Financial filed a Motion for Suspensive Appeal pertinent to the December 28, 2018 judgment.

**STANDARD OF REVIEW**

We review questions of law under a *de novo* standard of review. *Deichmann v. Moller* 2018-0358, pp.4-5 (La. App 4 Cir. 12/28/18), _____So.3d_____, 2018 WL 6823153. This standard of review is applicable to both Denson and Celestine.

**LAW**

Applicable to both Denson and Celestine are La. C.Cr.P. art. 345 and La. R.S. 15:85.

The primary point of contention in this appeal is the interpretation and application of La. C.Cr.P. art. 345, which provides in pertinent part:

> (D) If during the period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the State of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied if all of the following conditions are met:
> (1) The defendant or his sureties file a motion within the period allowed for the surrender of the defendant. The motion shall be heard summarily.

4

(2) The sureties of the defendant provide the court with adequate proof of incarceration of the defendant, or the officer originally charged with his detention verifies his incarceration. A letter of incarceration issued pursuant to this Article verifying that the defendant was incarcerated within the period allowed for the surrender of the defendant at the time the defendant or the surety filed the motion, shall be deemed adequate proof of incarceration of the defendant.

(3) The defendant's sureties pay the officer originally charged with the defendant's detention, the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention **prior to the defendant's return**. (Emphasis added).

La. R.S. 15:85 provides in pertinent part that:

(A) If a defendant fails to appear …and a judgment of bond forfeiture rendered against a commercial surety company has not been satisfied …the prosecuting attorney may file with the court, in the parish where the bail undertaking is forfeited, a rule to show cause why that commercial surety company should not be prohibited from executing criminal bail undertakings before the court issuing the judgment of bond forfeiture.

**ASSIGNMENTS OF ERROR**

Financial asserts that the district court erred in finding that it failed to surrender Denson, in accordance with La. C.Cr.P. art. 345(D) and in granting the State's request for injunctive relief pursuant to La. R.S. 15:85.

**DISCUSSION**

Relevant to Denson, Financial argues that the district court's December 28, 2018 judgment reinstating the February 3, 2014, judgment of bond forfeiture was legal error because all three statutorily conditions, pursuant to La. C.Cr.P. art. 345(D), were satisfied.

Financial asserts that it provided the district court with evidence that Denson was incarcerated in St. Tammany Parish when the motion to set aside bond forfeiture was filed on March 4, 2015, and thereafter was incarcerated in

Oklahoma City FTC[5] when the motion was heard. Financial further asserts that the $1,679.00 reasonable cost of transporting Denson back to St. Bernard Parish from Oklahoma City were deposited in the registry of the court on November 16, 2018. Based on these assertions Financial concludes that all three requirements were satisfied.

In *State v. Magee*, 2018-0355, p. 10 (La. App. 4 Cir. 9/4/19), 282 So.3d 271, 278, this Court noted that the purpose of bail (and a bond securing bail) is to ensure that "[t]he accused will appear at all stages of the proceedings to answer the charge for which he will be prosecuted." (citing *State v. Jones*, 2015-1232, p. 4 (La. App. 4 Cir. 8/17/16), 200 So.3d 950, 952 (citing *State v. Allen*, 2011-0693, p. 4 (La. App. 4 Cir. 8/8/12), 98 So.3d 926, 929). *See also State v. Mosk*, 2018-0287, pp. 5-6 (La. App. 4 Cir. 9/26/18), 257 So.3d 206, 210. While bond forfeitures are not favored in Louisiana, sureties assume certain risk associated with posting criminal bail bonds and guaranteeing the appearance of the defendant. The basic concept of the bail obligation is to make certain that a defendant appears in court with the surety paying a financial penalty when he fails to do so. *Jones*, 2015-1232, p. 4, 200 So.3d at 952. "When the defendant fails to be present in court at the scheduled appearance, the State may obtain a forfeiture of the surety bond". *Magee*, 2019-0355, 2018-0355, p. 10, 282 So.3d at 278. *See also* La. C.Cr.P. art. 349.2. "Louisiana law also provides specific procedures for the defendant and sureties to object to the judgments of bond forfeiture". *Id*. A surety is generally allowed 180

---

[5] From the record before this Court, as referenced Financial in Denson record p.228, defendant exhibit 6, Financial attempts to represent that Denson was incarcerated in the Federal Transfer Center Oklahoma City, a Federal Correctional Complex, with a release date of 07/10/2022. Not only is the copy virtually illegible, with no authentication, it lacks an intake date. This was presented to the district court on November 8, 2018. Therefore, there is still no proof that this Court has sufficient information on a *de novo* review to ascertain this vital date. Nor does it explain the when, where and how Denson was released from St. Tammany and came to be incarcerated in Oklahoma City.

6

days after the date of notice of signing of the judgment of bond forfeiture to surrender the defendant and have the judgment of bond forfeiture set aside. *See* La. C.Cr.P. art. 349.8(A)(1) and (B)(1). La. C.Cr.P. art. 345(D), establishes the procedure for setting aside a judgment of bond forfeiture when a defendant is found to be incarcerated in another parish of Louisiana or a foreign jurisdiction.

In the case *sub judice*, the pertinent question in this appeal is whether or not La. C.Cr.P. art. 345(D) provides a basis for relief for Financial to the corresponding judgment of bond forfeiture. As a matter of policy, La. C.Cr.P. art. 345 authorizes relief when the surety has made a good faith attempt to satisfy its obligation of returning the defendant to the jurisdiction by effecting a constructive surrender when the surety cannot effect an actual surrender because the defendant is incarcerated in another jurisdiction. Section (D) sets forth very objective requirements for establishing a surety's good faith attempt to satisfy its obligations by effectuating a fictitious constructive surrender[6] to satisfy a judgment of bond forfeiture and to be removed from any further obligations under the bail bond.

A plain reading of section "D" of article 345 shows that when a defendant is found in another state, a surety must meet all three conditions before the surety's obligation is satisfied. *State v. Matteson*, 36,628, p. 6 (La. App. 2 Cir. 12/11/02), 833 So.2d 1199, 1203. Nowhere in the criminal code is there a provision that allows a surety to relieve itself of a bond obligation because of an inability to surrender the defendant. *State v. Davila*, 2001-0418, p. 5 (La. App. 1 Cir. 3/28/02), 814 So.2d 56, 60.

The State argues that the reasoning is compelling, as relief under La. C.Cr.P. art. 345(D) requires the payment of transportation cost. There is no other

---

[6] See La. C.Cr.P. art. 311(D).

7

mechanism in the criminal code that would allow a surety to relieve itself of its bond obligation simply because of the inability to surrender the defendant because the defendant is still incarcerated in another jurisdiction. The relief statutorily presupposed that the defendant is still incarcerated at the time of the filing of the motion to set aside bond forfeiture. In situations where the defendant is no longer incarcerated when the motion is filed, the legal fiction of constructive surrender that serves as the rationale for relief under article 345(D) falls. Along the same lines, in situations where the defendant is no longer incarcerated at the location identified in the motion filed within the 180 days, the legal fiction of a constructive surrender must fall.

La. C.Cr.P. art. 345(D) states that a "bond forfeiture is deemed satisfied if all the following conditions are met," including the condition to 'pay' in subsection (D)(3). A plain reading of the statute shows that a surety must meet all three conditions before the surety's obligation is satisfied and released. *Davila*, 2001-0418, p. 5, 814 at p.60, (citing *State v. International Insurance Company*, 32-837, 32-838 (La. App. 3 Cir. 3/1/00) 756 So.2d 565, 566). An agreement or promise to pay is insufficient under the plain language of 345(D). Thus, a surety cannot simply promise to pay cost pursuant to subsection (D)(3). Instead, it must make a showing that costs have been paid at the time the motion is heard. To proceed otherwise would create an element of uncertainty as to the supposed 'finality' of the judgment pending actual payment." *State v. Financial Casualty and Surety*, 2017-1014, pp. 5-6, (La. App. 4 Cir. 11/7/18), 2018 WL5830381 ___So.3d.___, ____. Therefore, we can extrapolate from this that the actual payment must be made within 180 days of the notice of mailing of the judgment of bond forfeiture is

a basic requirement under 345(D) and the surety must establish proof of such payment at the hearing on the motion.

In the case *sub judice*, Financial chose to file a Motion to Set Aside the Judgment of Bond Forfeiture pursuant to La. C.Cr.P. art. 345(D), asserting that Denson was incarcerated in a foreign jurisdiction, St. Tammany Parish. The attached letter of incarceration, from St. Tammany Parish, evidences that Denson was booked on January 29, 2015, and was still incarcerated on March 31, 2015; no release date was noted and no proof was given that he was still incarcerated in St. Tammany Parish on April 27, 2015. It is Financial's burden to submit sufficient proof that Denson was incarcerated on the date the Motion to Set Aside was filed (April 27, 2015). The mere notification to the district court that Denson was incarcerated in St. Tammany on March 31, 2015 does not verify his custodial status when the Motion to Set Aside Bond Forfeiture was filed on April 27, 2015. *See* La. C.Cr.P. art. 345(D)(2).

At some indeterminable point in time, Denson was released from the jurisdiction of St Tammany Parish and ended up incarcerated in Oklahoma City. Denson was not incarcerated in Oklahoma City FTC 180 days after date of mailing the notice of signing of the judgment of Bond Forfeiture. The record is silent on this issue. The fact that Denson was incarcerated in Oklahoma City and that Financial attempted to pay the transportation from Oklahoma City to St. Bernard Parish in November of 2018 is of no moment, does not satisfy the requirements of La. C.Cr.P. art. 345(D)(3), and simply is not applicable or relevant. The relevant foreign jurisdiction was St. Tammany Parish and the record is devoid of any information as to his release date from St. Tammany Parish.

Furthermore, the record reflects that Financial failed to make the cost of transportation payment from St. Tammany to St. Bernard at the time the motion was filed or prior to April 27, 2015, the date of the *ex parte* hearing and judgment setting aside the bond forfeiture. There is insufficient proof Denson was incarcerated anywhere on April 27, 2015, in compliance with La. C.Cr.P. art. 345(D)(2). Additionally, no transportation cost were paid prior to March 4, 2015 the date of the notice of judgment. The date to pay the cost of transportation to St. Bernard Parish had long expired before the November 16, 2018 hearing. As set forth under 345(D), the prescriptive period for seeking relief expired 180 days from March 4, 2015. If we accept that Financial's attempt to pay such costs at the November 16, 2018 hearing was timely, we would effectively and impermissibly extend the statutory period form 180 days to 1,353 days.

Financial had the opportunity to timely pay the transportation cost estimated at about $1,700 or forfeit the bond cost of $50,000 plus interest. By failing to timely pay the cost of transportation, Financial failed to satisfy its obligation under the statute and did not relieve itself if its bond obligation. Therefore, Financial's own inaction resulted in the enforcement of the judgment of bond forfeiture. Financial is not entitled to any relief for a failure to meet the requisite obligation required under La. C.Cr.P. art. 345(D). Accordingly, the district court did not err when it granted the State's exception of prescription and reinstated the bond forfeiture.

**ASSIGNMENT OF ERROR TWO**

10

Financial asserts that the district court erred in granting the State's request for injunctive relief pursuant to La. R.S. 15:85.

On September 7, 2018, the trial court issued a judgment annulling the April 28, 2015 judgment that had granted Financial relief under La. C.Cr.P. art. 345(D). On September 26, 2018, the State filed a Rule to Show Cause under La. R.S. 15:85 to enjoin Financial from issuing bonds in the Parish of St. Bernard due to its failure to pay the October 26, 2015 Judgment of Bond Forfeiture. The trial court set the matter for hearing on November 16, 2018. On November 8, 2018, Financial filed a motion to set the Motion to Set Aside Bond Forfeiture previously filed on April 27, 2015, for hearing and filed a Supplemental Motion to Set Aside. On November 14, 2018, the State filed an Exception of Prescription. On November 16, 2018, the district court consolidated Denson 13-10704 and Celestine 15-05189 and heard the merits of Financial's motions as well as the State's Exception of Prescription and Rule to Show Cause pursuant to La. R.S. 15:85. On December 28, 2018, the district court, after taking the matter under advisement, issued and order granting the State's motions. The order stated, "the court recognizes that the previous judgment herein in favor of the State of Louisiana against Financial Surety & Casualty Company in the amount of **FIFTY THOUSAND and 00/100 ($50,000) DOLLARS** together with legal interest from the date of the original judgment of bond forfeiture, all as previously ordered herein on March 4, 2015."

In light of the above reasoning we pretermit any further discussion of analysis of Financial's second assignment of error.

Accordingly, based on the facts, evidence and jurisprudence noted above, we affirm the district court's ruling denying Financial's Motion to Set Aside Bond

11

Forfeiture. Additionally, we affirm the district court's judgment granting the State's Exception of Prescription.

**WILDFRED CELESTINE**

On June 14, 2015, Celestine was arrested. On June 15, 2015, he contracted with Financial to post a surety bond, FCS25-1485634, for the sum of $20,000 to secure his appearance on the underlying charges. As a special condition of the bond, he received a notice to appear on September 16, 2015, for an initial appearance; the defendant appeared. On September 1, 2015, Celestine was charged by bill of information with two counts of violating La. R.S. 14:37.4, aggravated assault with a firearm. On September 26, 2015, Celestine failed to appear for trial. The State requested that a bench warrant be issued for Celestine. The State filed a Motion for Bond Forfeiture, which the district court granted; a written judgment was issued on November 6, 2015. On November 10, 2015, the clerk of court mailed a Notice of Judgment of Bond Forfeiture to Celestine, Bondsman Kristy Luparello and Financial. On March 15, 2016, Financial filed an *ex parte* Motion to Set Aside Judgment of Bond Forfeiture under La. C.Cr.P. art. 345, asserting that Celestine's failure to appear was due to his incarceration in Orleans Parish within the statutory period for the surety to surrender Celestine. No request for service was attached to the motion. Attached to Financial's motion was a letter of incarceration from Orleans Parish indicating that Celestine was incarcerated from "December 10, 2015 to present" (March 15, 2015). On March 16, 2016, the district court issued an *ex parte* order, without conducting a contradictory hearing, setting aside the Judgment of Bond Forfeiture that was previously rendered on September 26, 2015. On June 10, 2016, the State asserted that they discovered that the district court granted Financial's Motion to Set Aside

12

Bond Forfeiture without the effectuation of service upon the State and without the statutory cost of transportation being paid. On July 19, 2016, approximately 252 days after mailing the November 10, 2015 judgment of bond forfeiture, a pre-trial conference was set for October 10-13, 2016. On October 10, 2016, Celestine returned to St. Bernard Parish. On October 12, 2016, Celestine entered a plea of guilty to the underlying charges, his bench warrant was recalled and the bond forfeiture was set aside, relieving Financial from liability on the bond.

On August 4, 2017, the State filed a Motion for New Trial. The State asserted that the judgment setting aside the bond forfeiture was an absolute nullity pursuant to La. C.C.P. art. 2002. On October 20, 2017, the State filed a Motion to Vacate Judgment of Bond Forfeiture.

On November 16, 2018, Financial deposited the cost of transportation into the registry of the court; the district court heard the merits of Financial's motions as well as the State's Exception of Prescription and Rule to Show Cause under La. R.S. 15:85. On December 28, 2018, after taking the matter under advisement, the district court denied the State's Exception of Prescription and Rule to Show Cause, granted Financial's Motion to Set Aside the Judgment of Bond Forfeiture forfeiting Celestine's bond and relieved Financial of its bond obligations. The district court noted that Celestine was surrendered when he was returned to St. Bernard, and noted that the surrender was outside the 180 day time period. The district court also noted that by Celestine entering a plea of guilty the criminal proceedings against him were final. Furthermore, the district court determined that given the charges against Celestine were disposed of with the plea of guilty, Financial's tender of transportation cost at the November hearing satisfied the requirements of La. C.Cr. P. art. 345 (D)(3).

13

**ASSIGNMENTS OF ERROR**

Relevant to Celestine, the State raises two assignments of error.

**STATE'S ASSIGNMENT OF ERROR ONE**

In its first assignment of error the State asserts that the district court erred as a matter of law in denying the State's Exception of Prescription.

The State asserts that the district court erred in granting the March 15, 2016 Motion to Set Aside the judgment of bond forfeiture previously rendered on October 26, 2015, filed by Financial relative to Celestine as the motion had prescribed.

**EXCEPTION OF PRESCRIPTION**

In Celestine, the State filed Exceptions of Prescription on the basis that Financial failed to satisfy the requirements of La. C.Cr.P. art. 345(D) within the 180 day time period allowed for surrendering a defendant.

The State argues that the payment of reasonable cost of returning the defendant must be paid within the time period allowed for the surrender of the defendant. Financial did not deposit the reasonable transportation cost into the registry of the court did until the November 16, 2018 hearings. Because Financial did not pay the transportation cost within 180 days of the notice of the signing of the judgment of bond forfeiture, Financial is not entitled to La. C.Cr.P. art. 345(D) relief.

The record reflects that on March 15, 2016, Financial timely filed its Motion to Set Aside Bond Forfeiture pursuant to La. C.Cr.P. art. 345(D). Attached to Financial's motion was a letter of verification representing that Celestine was incarcerated in Orleans Parish on December 10, 2015 to present (the letter is dated March 7, 2016). However, Financial did not provide the transportation cost until

14

November 16, 2018. This was over two years after Celestine had returned to St. Bernard Parish and pled guilty to the underlying criminal charges.

La. C.Cr.P. art. 345(D) requires that the surety pay the reasonable cost of returning the defendant prior to the defendant's return.

Financial has failed to prove that it has satisfied all three conditions of La. C.Cr.P. art. 345(D). A plain reading of La. C.Cr.P. art. 345 (D) shows that Financial must meet all three conditions before its obligations are satisfied, allowing them to be released from the bond obligations. When the costs of transportation was tendered on November 16, 2018, the second condition of La. C.Cr.P. art. 345(D), that the defendant be incarcerated, was not met.

In the case of Celestine, in November of 2018, when Financial deposited the requisite transportation cost into the registry of the court, Celestine had already returned to St. Bernard Parish and pled guilty to the underlying State charges against him. Consequently, Financial could not prove that the transportation cost were paid prior to Celestine's return pursuant to La. C.Cr.P. art. 345(D)(3). Based on a plain reading of the provisions of La. C.Cr.P. art. 345(D) we find that the district court erred as a matter of law in its application of La. C.Cr.P. art. 345(D)(3) and by setting aside the judgment of bond forfeiture. Financial failed to satisfy the required condition of the statute. Accordingly, we reverse the trial court's judgment denying the State's Exception of Prescription and reinstate the original bond forfeiture judgment of $20,000.

**STATE'S SECOND ASSIGNMENT OF ERROR**

In the State's second assignment of error the Stare asserts that the district court erred as a matter of law in denying the State's request for an injunction to issue under La. R.S. 15:85.

15

In light of the above reasoning pertinent to Denson and Celestine, we pretermit any further discussion of analysis of the State's second assignment of error as it was addressed above in our analysis of the Denson case. We address it only to reverse the district court's judgment denying relief to the State pursuant to La. R.S. 15:85.

Based on the forgoing applicable law and jurisprudence, in regards to Corey Denson, we affirm the district court's judgment granting the State's Exception of Prescription and denying Financial Casualty & Surety's Motion to Set Aside Bond Forfeiture. In regards to Wilfred Celestine, we reverse the district court's judgment denying the State's Exception of Prescription and granting Financial Casualty & Surety's Motion to Set Aside Bond Forfeiture.

For the foregoing reasons, we affirmed in part, reversed in part and remanded to the district court for further proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED**